■ JOAN CATANIA, Respondent, v BARRY M. LIPPMAN, Defendant and Third-Party Plaintiff-Appellant. WILLIAM P. CURRAN, Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered December 9, 1982 in Ulster County, which denied third-party plaintiff's motion to disqualify third-party defendant from representing any party in the action and granted third-party defendant's cross motion to dismiss the third-party complaint. Joan Catania retained Barry Lippman to represent her in a matrimonial action and he allegedly advised her to leave her marital residence. Thereafter, but prior to trial of the matrimonial action, William Curran replaced Lippman as Catania's attorney. Curran moved to compel Lippman to turn the file in Catania's case over to him and Lippman was ordered to release the file upon payment of $500 by Catania. Before the $500 was paid and the file released, Curran proceeded to trial of the matrimonial action, which resulted in a judgment awarding, *inter alia,* possession of the marital residence to Catania's husband. Catania (plaintiff) then commenced this action against Lippman alleging malpractice in advising her to leave the marital residence and claiming that such malpractice resulted in her husband being awarded possession of the house. Lippman (third-party plaintiff) denied the material allegations of the complaint and commenced a third-party action against Curran (third-party defendant), alleging that any damages suffered by plaintiff were caused by third-party defendant proceeding to trial of plaintiff's matrimonial action without benefit of her file and seeking indemnification or contribution. Third-party plaintiff subsequently moved for an order disqualifying third-party defendant as attorney for any party in the action on the ground that he might be called as a witness. Third-party defendant opposed the motion on the ground that he would not be a witness and further requested dismissal of the third-party complaint. Special Term denied the motion to disqualify third-party defendant and granted the cross motion to dismiss the third-party complaint. Third-party plaintiff appeals. Initially, we note that Special Term properly considered third-party defendant's cross motion to dismiss the third-party complaint. Although no notice of cross motion was served by third-party defendant as required by CPLR 2215, no prejudice resulted from Special Term hearing the cross motion because (1)

third-party defendant previously had requested dismissal of the third-party complaint in his answering affidavit, (2) the affidavit of third-party plaintiff's attorney defended the validity of the third-party complaint, and (3) third-party plaintiff was given an opportunity to argue at Special Term. Under these circumstances, the cross motion was properly considered (see *Haskell v State of New York*, 81 AD2d 953; *Plateis v Flax*, 54 AD2d 813, 814-815). On the merits, however, Special Term erroneously dismissed the third-party complaint and refused to remove third-party defendant as attorney for plaintiff. The Court of Appeals has held that an attorney sued for malpractice may plead, in a third-party action for contribution, negligence by the attorney who subsequently had represented the client because contribution could be sought against, *inter alia,* successive and independent tort-feasors (*Schauer v Joyce,* 54 NY2d 1, 5). Third-party plaintiff's complaint alleges that any damages suffered by plaintiff were caused, at least in part, by third-party defendant's negligent representation of plaintiff in proceeding to trial without third-party plaintiff's file in plaintiff's matrimonial case. The affidavits and other evidence submitted herein do not disclose the contents of that file, leaving the effect of having tried the matrimonial action without the file a matter for conjecture at this point in these proceedings. Moreover, third-party defendant's affidavits are merely conclusory assertions that his actions were not negligent and did not cause plaintiff's damages. On these facts, the third-party complaint is sufficient to withstand third-party defendant's cross motion to dismiss. We further conclude that third-party defendant should be disqualified from representing plaintiff in this action. DR 5-102 (subd [A]) of the Code of Professional Responsibility, as pertinent herein, requires that if, after undertaking employment as counsel, it is apparent that an attorney ought to be called as a witness on behalf of his client, he shall withdraw from the trial. The conclusory allegations of plaintiff and third-party defendant that third-party defendant will not be required to testify are belied by the facts of this case and the affidavit of third-party plaintiff's attorney, which make clear that third-party defendant will most certainly be called upon to testify. We do not agree that DR 5-101 (subd [B], par [4]) of the Code of Professional Responsibility, which permits an attorney to continue representation and to testify as a witness if withdrawal would work a substantial hardship on the client because of the distinctive value of the lawyer, is applicable herein. The conclusory assertions that plaintiff cannot find another lawyer to represent her are insufficient proof of such fact. Furthermore, third-party plaintiff did not create this situation by failing to turn over the file because, pursuant to the prior court order, he was not obligated to turn over the file until he received his $500 fee, which apparently was never paid. Accordingly, Special Term should have disqualified third-party defendant from representing plaintiff. We note, however, that third-party defendant is not disqualified from appearing *pro se* (see *Grasso v General Motors Corp.,* 101 Misc 2d 140, 142). Order modified, on the law and the facts, by reversing so much thereof as dismissed the third-party complaint and denied third-party plaintiff's motion to disqualify third-party defendant from representing plaintiff in the action, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.