■ DEBRA A. HANSEN, Plaintiff, v DOMINICK J. BROGNANO et al., Defendants and Third-Party Plaintiffs-Respondents. ANDREW F. CAPOCCIA, P. C., et al., Third-Party Defendants-Appellants.—Weiss, J. Appeal from an order of the Supreme Court, (Keniry, J.), entered November 3, 1986 in Rensselaer County, which denied third-party defendants' motion to dismiss the third-party complaint.

Plaintiff had retained third-party defendants, Andrew Capoccia and his law firm, to represent her in a personal injury action. In February 1985, after Capoccia was suspended from practice, plaintiff retained defendants. In January 1986, plaintiff rehired Capoccia, who had been reinstated, apparently only days before the expiration of the Statute of Limitations. Thereafter, plaintiff sued defendants for legal malpractice

---

alleging that they refused, failed and neglected to represent or protect her legal rights and interests. Defendants served a third-party complaint upon third-party defendants seeking indemnification and alleging that if plaintiff suffered any loss by virtue of the expiration of the Statute of Limitations, if in fact the statute had expired, it was solely because of Capoccia's malpractice. Third-party defendants thereafter moved to dismiss the third-party complaint on grounds that it failed to state a cause of action and was jurisdictionally defective. Supreme Court denied the motion and third-party defendants have appealed. We affirm.

An attorney sued for malpractice is entitled to commence a third-party claim for contribution against a subsequent attorney whose negligence has contributed to or aggravated the plaintiff's damages *(Schauer v Joyce,* 54 NY2d 1, 5; *Catania v Lippman,* 98 AD2d 826, 827). This same principle applies where, as here, a claim for indemnification is asserted *(see generally, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26-27). Construing the third-party complaint liberally in defendants' favor, we find that the pleading adequately states a cause of action for legal malpractice *(see, Rosner v Paley,* 65 NY2d 736, 738). Plaintiff has asserted that defendants abandoned her case just days before the Statute of Limitations would expire, intimating that an expiration of the statute subsequently occurred.* In their third-party complaint, defendants attribute the responsibility for any such default to Capoccia. Notably, the record confirms that Capoccia was retained within the statutory period. Third-party defendants' assertion that plaintiff couched her complaint solely in terms of defendants' negligence, without reference to a Statute of Limitations default, is simply not persuasive. Accordingly, Supreme Court properly refused to dismiss the third-party complaint.

Finally, we find no merit to third-party defendants' claim that service was jurisdictionally defective for failure to annex copies of all prior pleadings *(see, Wings & Wheels Express v Sisak,* 73 Misc 2d 846, 848).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* The representations in this third-party defendants' brief that an action was actually commenced in a timely manner is not confirmed by the record.