MELROSE FLOOR CO., INC.,
Respondent,

v.

Edward J. LECHNER, et al., defendants
and third-party plaintiffs, Appellants,

v.

WIESE AND COX, LTD., third-party
defendant, Respondent.

No. C7–88–1566.

Court of Appeals of Minnesota.

Jan. 24, 1989.

S. Todd Rapp, Estes, Parsinen & Levy, Minneapolis, for Melrose Floor Co., Inc., respondent.

Andrew T. Shern, Michael P. Tierney, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for Edward J. Lechner, et al., defendants and third-party plaintiffs, appellants.

Alan C. Eidsness, Henson & Efron, Minneapolis, for Wiese and Cox, Ltd., third-party defendant, respondent.

Heard, considered and decided by FORSBERG, P.J., and CRIPPEN and NORTON, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Wiese and Cox represented the plaintiff in a 1984 lawsuit against appellant Edward J. Lechner, claiming negligence in legal services when Lechner set up a pension plan in 1978. Lechner claims contribution from Wiese and Cox based on service provided by that law firm in the administration of the pension plan. Lechner appeals the trial court's summary judgment disallowing a contribution claim for reasons stated in *Eustis v. The David Agency, Inc.*, 417 N.W.2d 295 (Minn.Ct. App.1987), a case decided several months before the summary judgment issued in this case. We affirm.

## FACTS

In June 1978, appellant Lechner designed, prepared and drafted Melrose Floor Company's pension plan and submitted it to

the United States Internal Revenue Service and the Minnesota Department of Revenue for approval under the applicable tax laws. After the plan was approved by the IRS and by the Revenue Department, Melrose made contributions and deducted these contributions from its state and federal income taxes for tax periods ending in 1978, 1979, and 1980.

Sometime in 1980, Melrose retained the law firm of Wiese and Cox to administer the pension plan initially prepared by Lechner. Wiese and Cox later represented Melrose in an audit of the company by the IRS.

After its investigation, the IRS assessed Melrose additional income tax liability for the tax period ending June 30, 1980, in the amount $16,598, including $4867 interest, which was paid by Melrose. The state revenue authority assessed additional tax liability against Melrose for the same tax period in the amount of $1326, including $399 interest, which also was paid by Melrose.

In May 1984, Wiese and Cox represented plaintiff in an action against Lechner that alleged negligence in the preparation and drafting of the pension plan. Lechner answered by denying his own negligence, and by affirmatively alleging that the negligence of Melrose or third persons caused any damages and superseded and intervened between any conduct of Lechner and the damages.

On September 15, 1988, Lechner brought a third-party complaint for contribution and indemnification against Wiese and Cox. Lechner alleged that Wiese and Cox represented Melrose in the dispute with the Internal Revenue Service, that Wiese and Cox negligently handled various matters related to the investigation which resulted in damages, and that Wiese and Cox is liable for contribution and indemnity.

Wiese and Cox moved the court for a summary judgment, asserting it was entitled to such order as a matter of law. The facts were not disputed, and for purposes of the summary judgment motion, Wiese and Cox admitted its own negligence.

Following oral argument, the trial court granted respondent's motion for summary judgment based upon this court's decision in *Eustis*. This appeal followed.

## ISSUES

1. Should this court follow the *Eustis* decision?

2. Does *Eustis* have application when contribution is sought from one lawyer against another accused of malpractice?

## ANALYSIS

In *Eustis*, the plaintiff sued an insurance agency seeking equitable rescission of a settlement agreement based on alleged fraud in concealing and failing to disclose policy coverage. The insurance company in a third-party complaint joined the lawyer representing the plaintiff during the settlement negotiations, alleging that the lawyer acted negligently and asserting a claim of damages for contribution and/or indemnity from him. We affirmed the trial court's summary judgment for the lawyer, deciding that a contribution claim cannot be asserted against the plaintiff's lawyer.

It is evident that the court made its decision in *Eustis* based on the public policy that permits a lawyer to make decisions for a client without concern for personal liability in contribution claims to persons the client sues. *See Commercial Standard Title Co., Inc. v. Superior Court,* 92 Cal.App.3d 934, 155 Cal.Rptr. 393 (1979); *Goodman v. Kennedy,* 18 Cal.3d 335, 344, 556 P.2d 737, 743, 134 Cal.Rptr. 375, 381 (1976). In addition, the court recited the rule of law that the lawyer who provides services to a client is not liable to a third party unless the lawyer acts with fraud, malice, or has otherwise committed an intentional tort. *Farmer v. Crosby,* 43 Minn. 459, 461, 45 N.W. 866 (1890); *Hoppe v. Kapperich,* 224 Minn. 224, 241, 28 N.W.2d 780, 791–92 (1947). Finally, the *Eustis* result resolves the problem that a lawyer joined as a third-party defendant is precluded from making disclosure of privileged information which the plaintiff has communicated with reliance on the client-attorney privilege. *Commercial Standard,* 92 Cal. App.3d at 944, 155 Cal.Rptr. at 400; *Hol-*

*land v. Thacher,* 199 Cal.App.3d 924, 929–30, 245 Cal.Rptr. 247, 250 (1988), *pet. for rev. denied* (Cal. July 21, 1988). The privilege may be waived by the plaintiff's choice to sue the lawyer, but it has not been waived by the choice to sue another.

1. Appellant contends the rationale of *Eustis* is flawed because it is founded on the absence of a lawyer's duty to a third party and because the contribution claim involves the lawyer's duty to his client. *See Hart v. Cessna Aircraft Co.,* 276 N.W. 2d 166, 168 (1979) (there must be common liability to the injured party). While appellant's distinction is logical, the argument misreads *Eustis* in failing to note that it is principally founded on public policy reasons which protect the attorney-client relationship.

Respondent directs our attention to New York cases which reach a different result. *See Schauer v. Joyce,* 54 N.Y.2d 1, 429 N.E.2d 83, 444 N.Y.S.2d 564 (1981) (subsequent attorney failed to either obtain new hearing on alimony and support, or to obtain reinstatement of vacated judgment); *Catania v. Lippman,* 98 A.D.2d 826, 470 N.Y.S.2d 487 (1983) (subsequent attorney proceeded to trial without plaintiff's file in matrimonial case); *Hansen v. Brognano,* 137 A.D.2d 880, 524 N.Y.S.2d 862 (1988) (subsequent attorney allowed statute of limitations to expire). We note first that these cases do not discuss public policy issues. We find no fault in the *Eustis* court's recitation of public policy. The rule of law barring contribution claims in these cases encourages quality legal services.

■ The significance of cited New York cases is also limited because they recognize a contribution claim when there is an allegation the subsequent attorney breached a specific duty of professional legal practice. Where the subsequent attorney is only accused of failing to exercise proper judgment, New York's highest court has found a contribution claim is barred. *See Rosner v. Paley,* 65 N.Y.2d 736, 481 N.E.2d 553, 492 N.Y.S.2d 13 (1985) (subsequent attorney selected from among various alternatives to advise client to seek court instruction, rulings and accounting in trust matters). Summary judgment in this case is consistent with the *Rosner* holding because, as in *Eustis,* the allegation of wrongdoing is that the subsequent attorney did not use proper judgment in handling the client's case.

■ 2. Appellant contends the rule of *Eustis* exposes a defendant to responsibility for the conduct of others. This need not be true. The rule does not limit the relevance of evidence of fault of others and the consequences of that evidence in reducing the award of damages which are not the consequences of the defendant's fault.

3. Appellant finally contends that *Eustis* is appropriate for situations where the third-party plaintiff is a non-lawyer, and that a different rule of law should exist in lawyer malpractice cases where a lawyer sues another for contribution. We disagree. Although there may be a close relationship of a lawyer's services to a claim of malpractice against another attorney, the rationale of the *Eustis* rule is as pertinent here as in *Eustis. See Holland v. Thacher,* 199 Cal.App.3d 924, 245 Cal. Rptr. 247 (1988); *Held v. Arant,* 67 Cal. App.3d 748, 134 Cal.Rptr. 422 (1977); *Hughes v. Housley,* 599 P.2d 1250 (Utah 1979).

AFFIRMED.