■ SHAYNE, DACHS, STANISCI & CORKER, Respondent, v JOANNE PODELL, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered April 17, 1990, which granted the plaintiff's motion to disqualify Michael F. Erdheim as the defendant's attorney on the ground that he is a necessary witness.

Ordered that the order is affirmed, without costs or disbursements.

We find that the plaintiff has satisfied its burden of establishing that the disqualification of Michael F. Erdheim as the defendant's attorney was proper *(see,* Code of Professional Responsibility DR 5-102 [A]). It is axiomatic that the roles of advocate and witness are inherently inconsistent *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 444). In the case at bar, given the likelihood that Erdheim will be called to give pertinent testimony at trial concerning the circumstances surrounding the alleged malpractice of the plaintiff law firm and his subsequent motion on behalf of the defendant, we conclude that it would be improper for him to continue in the capacity of the defendant's attorney *(see, Plotkin v Interco Dev. Corp.,* 137 AD2d 671; *Catania v Lippman,* 98 AD2d 826). Accordingly, we decline to disturb the determination of the trial court *(cf., Frias v Frias,* 155 AD2d 585). Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.