[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 115)
Before the court is the apportionment defendant's motion to strike the apportionment complaint. On August 8, 2000 the plaintiff, Rosemary Whitaker, filed a second amended complaint against the defendants, the law firm of Erdos Maddox, LLC and two of its attorney-employees, Matthew Morgan Maddox and David C. Erdos. In the two count complaint, the plaintiff alleges that she hired the defendants to act as attorneys for and to provide legal services to her in a medical malpractice action. The medical malpractice action involved child-birth related injuries suffered by the plaintiff and her son, Evan Whitaker. The plaintiff alleges that on May 24, 1996, the defendants commenced a lawsuit on her behalf captioned Whitaker v. Sessa, et al. According to the plaintiff during the course of that lawsuit, the defendants did not respond to requests to revise, conduct discovery, or respond to a motion to dismiss for failure to prosecute. The plaintiff contends that as a result of the defendants' conduct, the court entered a judgment of nonsuit against her. In count CT Page 13911 one of her second amended complaint, the plaintiff alleges that the defendants were negligent in representing her by failing to exercise the degree of skill, care and diligence possessed by a licensed attorney. In count two, the plaintiff alleges that the defendants breached fiduciary duties they owed to her. The plaintiff contends that the defendants' negligence caused her to suffer economic loss and that their breach of fiduciary duties caused her to suffer economic loss and extreme emotional distress.
On July 5, 2000, the defendants filed a one count apportionment complaint against the apportionment defendant, Koskoff, Koskoff 
Beider, P.C., the plaintiff's counsel in this action. In the apportionment complaint, which is brought pursuant to General Statutes §§ 52-102b and 52-572h, the defendants contend that the damages the plaintiff allegedly suffered as a result of their conduct were caused in whole or in part by the negligence and carelessness of the apportionment defendant. They seek an apportionment of damages pursuant to §§ 52-102b
and 52-572h.
On August 23, 2000, the apportionment defendant filed a motion to strike the apportionment complaint on the grounds that: (1) the public policy of Connecticut prohibits the application of apportionment principles against a successor attorney in a legal malpractice action; (2) a legal malpractice claim seeking economic loss is not a claim resulting from personal injury or property, and thus General Statutes §52-572h(c) is inapplicable to the present case; and (3) General Statutes § 52-572h(k) prohibits apportionment of damages in a legal malpractice claim based on breach of fiduciary duty. On September 11, 2000, the defendants filed an objection to the motion to strike and a memorandum of law. The defendants contend that the apportionment complaint should not be stricken because § 52-572h applies to a legal malpractice action and because the plaintiff seeks to recover damages for personal injury, as required by § 52-572h.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270-271,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of itConnecticut, Inc., 238 Conn. 216, 232-233, 680 A.2d 127 (1996). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." CT Page 13912 (Citations omitted; internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
General Statutes § 52-102b is "`the exclusive means by which a defendant may add a person who is or may be liable pursuant to section52-572h for a proportionate share of the plaintiff's dam ages as a party to the action.' General Statutes § 52-102b(f)." Allard v. Liberty OilEquipment Co., 253 Conn. 787, 792-793, 756 A.2d 237 (2000). The statute provides, in pertinent part, "[a] defendant in any civil action to which § 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b. Section 52-572h(c) provides, "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . ."
The Connecticut Supreme and Appellate courts have not ruled on the issue of whether public policy prohibits a former attorney from maintaining an apportionment claim against a successor attorney in a legal malpractice action. Recently, however, a judge of the Superior Court determined that "it violates public policy in Connecticut to permit successor counsel . . . entering a case to correct the alleged malpractice of prior counsel to be made a party to a malpractice action by the defendants in a malpractice action against them." Gauthier v.Kearns, Superior Court, judicial district at Hartford, Docket No. 591236 (May 16, 2000, Rittenband, J.T.R.) (27 Conn.L.Rptr. 201, 205). InGauthier v. Kearns, as in the present case, the plaintiff sued her former attorney and his firm for legal malpractice. The defendants filed an apportionment complaint against the plaintiff's current attorney, pursuant to § 52-572h, alleging that he was negligent in handling the plaintiff's prior case and contributed to the plaintiff's damages. Id., 201-202. The court concluded that a plaintiff's former attorney cannot use § 52-572h to assert a claim for apportionment against the plaintiff's current attorney in a legal malpractice action. The court reached this conclusion by examining California and Minnesota case law on the issues of contribution or indemnification in legal malpractice actions.
California courts have held that it is against public policy to allow CT Page 13913 an attorney being sued for legal malpractice by a former client to bring a claim for contribution or indemnity against the client's successor attorney. Austin v. Superior Court, 72 Cal.App.4th 1126,85 Cal.Rptr.2d 644 (1999); Holland v. Thacher, 199 Cal.App.3d 924,245 Cal.Rptr. 247 (1988)[1]; Gibson, Dunn Crutcher v. SuperiorCourt, 94 Cal.App.3d 347, 156 Cal.Rptr. 326 (1979). The courts reason that such claims might generate conflicts between the interests of the client and the attorney and interfere with the attorney-client privilege. Thus, "[t]o make an attorney liable for negligent confidential [advice] not only to the client who enters into a transaction in reliance upon the advice but also to the other parties to the transaction with whom the client deals at arms length would inject undesirable self-protective reservations into the attorney's counseling role." Gibson, Dunn Crutcher v. Superior Court, supra, 156 Cal.Rptr. 329. A successor attorney must be free to exercise judgment and "should not be required to face a potential conflict between the course which is in his client's best interests and the course which would minimize his exposure to the cross-complaint of [the former attorney]." Gibson, Dunn Crutcher v.Superior Court, supra, 156 Cal.Rptr. 331. Furthermore, if a successor attorney is faced with defending the legal advice provided to a client, "the attorney-client privilege could seriously interfere with an effective defense." Holland v. Thacher, supra, 245 Cal.Rptr. 251. "[T]he successor attorney would be unable to use privileged information gained in the course of the professional relationship with the client to defend him or herself unless the client waived the attorney-client privilege." Id. Accordingly, the California courts conclude that potential conflicts of interest and the attorney-client privilege weigh against permitting a client's former attorney from asserting a claim for contribution or indemnification against a successor attorney in a legal malpractice action.
The Minnesota Court of Appeals, on facts similar to the present case, has also held that "an attorney will not be liable to a non-client third party [attorney] for negligence." Melrose Floor Co., Inc. v. Lechner,435 N.W.2d 90, 92 (Minn.App. 1989)[2]; Eustis v. The David Agency,Inc., 417 N.W.2d 295, 298 (Minn.App. 1987)[3]. Relying on Minnesota precedent and California case law, the court in Melrose Floor Co., Inc.v. Lechner, supra, 435 N.W.2d 91, stated that, as a rule, "the lawyer who provides services to a client is not liable to a third party unless the lawyer acts with fraud, malice, or has otherwise committed an intentional tort." The court reasoned that such claims may generate conflicts of interest between the attorney and may impinge on the attorney-client privilege. Id., 92.
The cases cited by the defendants in support of their contention that apportionment is permitted in legal malpractice actions are inapplicable CT Page 13914 to the present case because they are factually different and do not address the issue at hand. These cases either pertain to attorneys who are defendants in legal malpractice actions and who subsequently file apportionment complaints against their former clients; Alfano v. InsuranceCenter of Torrington, 203 Conn. 607, 525 A.2d 1338 (1987); Somma v.Gracey, 15 Conn. App. 371, 544 A.2d 668 (1988); Defusco v. Schweitzer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 509663 (September 14, 1993, Hennessey, J.) (8 C.S.C.R. 1078); or with apportionment complaints filed in cases not involving legal malpractice. Center Capital Corp. v. Hall, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 452084 (February 24, 1994, Lavine, J.) (9 C.S.C.R. 342). Although in Somma v.Gracey, supra, 15 Conn. App. 371, the Appellate Court concluded that the defense of comparative or contributory negligence is available in an action for legal malpractice, this conclusion was based on circumstances that are different from the present case. The Somma case involved a legal malpractice action in which the plaintiff-client alleged that the defendant-attorneys were negligent in connection with the sale of the plaintiff's business because they failed to adequately advise the plaintiff, did not conduct an investigation or obtain financial information about the buyers. Id., 371. The defendants asserted a special defense of comparative negligence against the plaintiff. In contrast, the present case involves a claim for apportionment pursuant to General Statutes §§ 52-102b and 52-572h. More importantly, in the present case, an attorney is asserting a claim for apportionment against theplaintiff's current attorney, not against the client. Therefore, Somma v.Gracey is not controlling over the circumstances presented herein.
The apportionment defendant also asserts that the apportionment complaint should be stricken because, in the present action, the plaintiff does not seek to recover damages for personal injury. The apportionment defendant cites to the language used in § 52-572h(c) which specifies that it applies to apportionment of damages "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property. . . ." In opposition, the defendants contend that the plaintiff's action is within § 52-572h
because her medical malpractice action was a claim for personal injuries. They fail to cite to any authority in support of their contention that the "injury" referred to in § 52-572h(c) can be the injury alleged in a separate, related action and not the, injury in the action in which apportionment is sought. The defendants misunderstand the injury referred to in § 52-572h. The statute plainly states that it applies to negligence actions in which a party seeks damages for wrongful death, personal injury or damage to property. In the present case, the defendants seek apportionment of damages in the plaintiff's legal malpractice action, not her medical malpractice action. Thus, the CT Page 13915 relevant injury is not the child-birth related injuries the plaintiff suffered as a result of medical malpractice action, but the injury the plaintiff allegedly suffered as a result of the defendant's legal malpractice. In the complaint, the plaintiff alleges that the defendant's negligence caused her to suffer economic loss. Clearly, this is not a claim for personal injury or wrongful death. The Supreme Court has stated that monetary damage, or economic loss, does not fall within the purview of the phrase "damage to property" as used in § 52-572h. WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 583, 657 A.2d 212
(1995). In reaching its conclusion, the court examined the legislative history of § 52-572h and determined that "the legislature intended the phrase `damage to property' to encompass only its usual and traditional meaning in the law of negligence actions, namely, damage to or the loss of use of tangible property, as opposed to damages from personal injury." Id., 583. The court further stated that "we simply cannot stretch the meaning of `damage to property,' as used in §52-572h(b), to include commercial losses unaccompanied by physical damage to or loss of use of tangible property." Id., 584. Thus, because the plaintiff claims only economic loss and not physical damage to or loss of use of property, § 52-572h does not apply to the plaintiff's claims.
Finally, the apportionment defendant contends that the apportionment complaint should be stricken because under § 52-572h, an apportionment complaint cannot be brought in an action that is based on breach of a fiduciary obligation. General Statutes § 52-572h(k) provides "[t]his section shall not apply to breaches of trust or of other fiduciary obligations." The Supreme Court has stated that "the relationship between an attorney and client must involve personal integrity and responsibility on the part of the lawyer and an equal confidence and trust on the part of the client. . . . The relationship between an attorney and his client is highly fiduciary in its nature and of a very delicate, exacting, and confidential character, requiring a high degree of fidelity and good faith." Andrews v. Gorby, 237 Conn. 12,20, 675 A.2d 449 (1996). Accordingly, the court finds the apportionment concept to be inapplicable to the present case.
Based on the above considerations, the apportionment defendant's motion to strike the apportionment complaint on the ground that a claim for apportionment of liability, pursuant to General Statutes §§ 52-102b and52-572h, by a predecessor attorney against a successor attorney in a legal malpractice action is barred as against public policy is granted.
SKOLNICK, J.