[Civ. No. 44178. Second Dist., Div. Four. Feb. 25, 1975.]

NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Cross-complainant and Respondent, v. NORMAN R. ATKINS et al., Cross-defendants and Appellants.

COUNSEL

Jones & Wilson and Robert E. Jones for Cross-defendants and Appellants.

Bodkin, Breslin & Luddy, Robert C. Haase, Jr., and Michael A. Jacobs for Cross-Complainant and Respondent.

## OPINION

**KINGSLEY, J.**—In 1965, defendant attorneys (hereinafter "attorneys") acting as counsel for William Snyder, brought suit against Columbia News[1] on five alleged causes of action. Snyder alleged that he was the assignee of Evelyn Shulem, who, in turn was the assignee of Aero Press, the original obligee of the claims sued on. Still acting as counsel for Snyder, the attorneys caused attachments to be levied on bank accounts of Columbia and, in connection therewith, procured attachment bonds from National. The declarations for attachment, and the application to National, were executed by Snyder and not by the attorneys.

Except for responsive pleadings by Columbia, the action apparently remained dormant. On November 30, 1967, Snyder died; his widow was

---

[1]Columbia News was a fictitious name for Publisher Art, Inc., the legal entity sued in the Snyder action and the plaintiff in the main action here. For convenience, we refer to that party as "Columbia."

appointed as administratrix-with-the-will-annexed of Snyder's estate, with the same attorneys acting as her counsel in the probate matter. No further action was taken in the Snyder-Columbia suit and, on November 4, 1970, it was dismissed pursuant to section 583 of the Code of Civil Procedure.

Thereafter Columbia sued National on the attachment bond, recovering $3,500 as damages for the attachments. National cross-complained, in that action, against the attorneys, alleging "malpractice" on their part in not pursuing the Snyder-Columbia action with diligence and in not advising National of Snyder's death in time for National to file a claim in the probate proceedings.

Based on findings that the attorneys were negligent in not pursuing the Snyder-Columbia action, the trial court gave judgment in favor of National and against the attorneys for $3,500 and costs. The attorneys have appealed; we reverse.

## I

We first consider the contention made in National's brief (although not mentioned in the findings of fact) that the attorneys became liable to National because the attorneys did not advise National of Snyder's death, so that National could file a claim in the Snyder estate.

We know of no duty on the part of either a personal representative or the representative's counsel to advise potential creditors of the estate of a death or of the pendency of probate proceedings. The Legislature has provided, in section 702 of the Probate Code, for a method of giving notice to creditors; it is not claimed that procedure was not followed in this instance. That statutory mode of giving notice is all that the law requires. The attorneys in this case had no more duty to notify National than did the attorney in *Brian* v. *Christensen* (1973) 35 Cal.App.3d 377 [110 Cal.Rptr. 688].

## II

Nor do we find any duty on the part of the attorneys toward National to prosecute with diligence the Snyder-Columbia action.

Counsel cite to us *Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], and *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15

Cal.Rptr. 821, 364 P.2d 685], in which the draftsman of a will was held liable to a person whom the decedent had intended to be a beneficiary of his estate,[2] and to *Donald* v. *Garry* (1971) 19 Cal.App.3d 769 [97 Cal.Rptr. 191, 45 A.L.R.3d 1177], in which an attorney was held liable to an assignor for collection. Those cases are not in point. Unlike the cited cases, National was in no sense the intended beneficiary of the Snyder-Columbia action. Whatever the attorneys' duties were to Snyder, to Snyder's personal representative, or to Snyder's assignors, they had no enforceable duty to National.[3]

The judgment is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied March 18, 1975, and respondent's petition for a hearing by the Supreme Court was denied April 24, 1975.

---

[2]See also *Heyer* v. *Flaig* (1969) 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161]; and cf. *Ventura County Humane Society* v. *Holloway* (1974) 40 Cal.App.3d 897 [115 Cal.Rptr. 464].

[3]Since we hold that the attorneys had no duty to National, we need not decide other issues argued in the briefs, such as whether the Snyder-Columbia action would have resulted in a judgment for Snyder or whether the Snyder estate could have paid a claim had National filed one in that probate proceeding.