[Civ. No. 48550. Second Dist., Div. One. Mar. 3, 1977.]

SIDNEY P. HELD, Plaintiff and Respondent, v.
GENE W. ARANT, Defendant, Cross-complainant and Appellant;
MESERVE, MUMPER AND HUGHES,
Cross-defendant and Respondent.

**COUNSEL**

Hiestand & Bower and Herbert H. Hiestand, Jr., for Defendant, Cross-complainant and Appellant.

Cummins, White & Breidenbach, Joseph H. Cummins and Edwin A. Oster for Cross-defendant and Respondent.

No appearance for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—The case at bench raises the issue of the right of a lawyer sued for professional negligence to seek indemnity from another lawyer subsequently retained by the suing client in the same matter on the theory that the second lawyer's negligence enhanced rather than reduced the initial loss. Because reasons of policy peculiar to the tripartite relationship of attorney-client-adversary override the principle of equitable indemnity enunciated in cases such as *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.3d 629] and *Niles* v. *City of San Rafael* (1974) 42 Cal.App.3d 230 [116 Cal.Rptr. 733], we conclude that the first lawyer has no right of indemnity from the second. Accordingly, we affirm a judgment dismissing an amended cross-complaint on general demurrer.

The first amended complaint in the case at bench filed by Sidney P. Held charges that Gene W. Arant, an attorney specializing in patent matters, was retained by Held to represent him in the negotiation and drafting of an agreement between Held and Nova-Tech, Inc., and that by reason of Arant's negligence Held found himself sued by Nova-Tech for misrepresentation inducing the agreement. The pleading asserts that Held settled the Nova-Tech suit by returning royalties collected in the amount of $81,957.92 plus interest of $48,042.08, and that Held incurred legal fees in the matter in the amount of $61,320 and suffered other damage in the amount of $76,805.56. A second and third cause of action allege Arant's fraud in hiding his initial negligence.

Arant answered the amended complaint denying its charging allegations. He filed an amended cross-complaint, the pleading which is at issue on this appeal. The amended cross-complaint claims that Meserve,

Mumper & Hughes (MM&H), counsel for Held in the action against Arant, had also represented Held in the action by Nova-Tech, and that by reason of negligence of MM&H legally defensible claims were settled in a manner that foreseeably damaged Arant by exposing him to liability for malpractice and injuring his professional reputation. The cross-complaint seeks indemnity from MM&H if Arant is found liable to Held on the complaint.[1]

The trial court sustained MM&H's general demurrer to the amended cross-complaint. This appeal from the resulting order of dismissal of the cross-complaint followed.

Arant contends in his brief on appeal that since privity with a negligent attorney is no longer a requisite to an action for legal malpractice (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 588-589 [15 Cal.Rptr. 821, 364 P.2d 685]; *Heyer* v. *Flaig* (1969) 70 Cal.2d 223, 228 [74 Cal.Rptr. 225, 449 P.2d 161]), an attorney is liable for his negligence to anyone who foreseeably may be damaged by it. Hence, argues Arant, his amended cross-complaint states a cause of action against MM&H.[2]

Despite the lack of a requirement of privity, an attorney's liability for negligence, like that of all other persons, is limited by the concept of duty. The lawyer's duty of care extends only to the intended beneficiaries of his action. (*National Auto. & Cas. Ins. Co.* v. *Atkins* (1975) 45 Cal.App.3d 562, 565 [119 Cal.Rptr. 618]; *Norton* v. *Hines* (1975) 49 Cal.App.3d 917, 921 [123 Cal.Rptr. 237]; see also *Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 110 [128 Cal.Rptr. 901].) Here the cross-complaint shows on its face that Arant was not an intended beneficiary of MM&H's representation of Held.

Hence, the cross-complaint cannot be sustained on the theory asserted on brief by Arant. There remains an additional issue on which we requested counsel to be prepared on oral argument. In the area of tortfeasor liability for personal injury caused by subsequent negligent medical treatment of the injury caused by the initial tort, the original tortfeasor is entitled to indemnity from the negligently treating physician for that portion of the damage caused by the physician's negligence.

---

[1]The amended cross-complaint contains allegations asserting some of the elements of malicious prosecution. That theory is not pursued on appeal. Consequently, we do not refer to those allegations in our statement of facts.

[2]Arant raises no issue of the effect of the doctrine of comparative negligence upon the case at bench. We treat that issue as waived.

(*Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 69, 75; *Niles* v. *City of San Rafael, supra,* 42 Cal.App.3d 230, 239.) The pleadings at bench squarely raise the issue of the application of the *Herrero-Niles* principle to claimed successive acts of legal malpractice.

■ Distinctions between the situation presented in *Herrero* and *Niles* and peculiarities of the relationship between the attorney and client on the one hand, and a person in an adversary position to them on the other, dictate that the *Herrero-Niles* rule not be extended to the situation which is here involved.[3]

In the situation of successive acts of negligence by a tortfeasor and treating physician, the possibility that he may be sued by the original tortfeasor for indemnity in no way inhibits the performance of the professional duty by the physician. Whatever may be the effect of exposure to malpractice suits upon the performance of good medicine, it exists irrespective of the indemnity potential. Where, however, an attorney is retained to represent the interests of his client against persons who are actual or potential adversaries, the possibility that one of those adversaries may seek indemnity from the attorney if he is held liable to the client can impinge upon the undivided loyalty owed by counsel.

In the context of the case at bench, MM&H owed an undivided loyalty to Held to use its best judgment to extricate him from the situation created by Arant's advice. Extrication involved consideration both of resistance of the claim of Nova-Tech and of the assertion of an affirmative claim against Arant. MM&H's ability to choose between courses of conduct best designed to protect the interests of its client cannot be inhibited by the proposition that if it chooses the course of resistance of the claim it will be immune from liability to the one adversary absent malicious prosecution (*Daly* v. *Smith* (1963) 220 Cal.App.2d 592, 604 [33 Cal.Rptr. 920]), while if it chooses the course of prosecuting the client's claim for malpractice against a prior attorney it may be subject to a claim to indemnify that attorney.

We thus conclude that the nature of the relationship of attorney and client requires that the attorney retained to represent the client in a cause

---

[3]In the *Herrero-Niles* situation, the original tortfeasor's liability for further personal injury caused by subsequent negligent medical treatment is governed by Restatement Second of Torts, section 457. The situation at bench falls within the more restrictive terms of section 447. We express no opinion on the conclusion dictated by section 447 on the facts here present.

in which actual or potential adversaries include both a private person and a prior attorney not be subjected to the potentiality of being required to indemnify the prior lawyer in the event that the subsequent counsel advises settlement with the private party and the prosecution of a malpractice action against the first lawyer.

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.