Opinion
 

 THOMPSON, J.
 

 This is an appeal from an order denying defendants leave to file a cross-complaint to name new parties to an action. The proposed cross-complaint asserts theories of proportionate equitable indemnity pursuant to
 
 American Motorcycle Assn.
 
 v.
 
 Superior Court
 
 (1978) 20 Cal.3d 578 [146 CaI.Rptr. 182, 578 P.2d 899], While the case at
 
 *820
 
 bar potentially involves the novel issue of the effect of the still developing pleading rules of proportionate equitable indemnity upon the principle of California procedure that holds that generally an order denying leave to file a cross-complaint against new parties is not appealable
 
 (Miller
 
 v.
 
 Stein
 
 (1956) 145 Cal.App.2d 381, 385-386 [302 P.2d 403]; but cf.
 
 Keenan
 
 v.
 
 Dean
 
 (1955) 134 Cal.App.2d 189 [285 P.2d 300]), the issue is not ripe. The proposed cross-complaint does not state a cause of action. Resolution of the issue of appealability must await a pleading which is legally sufficient.
 

 Addressing the issue of the sufficiency of the cross-complaint, we conclude that the rationale of
 
 Held
 
 v.
 
 Arant
 
 (1977) 67 Cal.App.3d 748 [134 Cal.Rptr. 422] and
 
 Gibson, Dunn & Crutcher
 
 v.
 
 Superior Court
 
 (1979) ante, p. 347 [156 Cal.Rptr. 326] supports a trial court ruling denying leave to file the pleading.
 

 Through his attorneys, Harvey L. Lerer and G. Dana Hobart, George Rowell sued Transpacific Life Insurance Company and Ruth Citron for misconduct in delaying payment of a disability insurance policy. Rowell’s complaint includes factual allegations supporting liability on theories of tortified breach of contract for violation of an implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress.
 

 Transpacific and Citron answered the complaint. After having filed their answers, they moved for leave to file a cross-complaint against Lerer, Hobart, and attorneys associated with them. The proposed pleading asserts in essence that dilatory conduct of Messrs. Lerer et al. in representation of Rowell’s claim for disability benefits from Transpacific and their failure as counsel to present proper supporting documentation caused the delay of payment. Misconduct by Rowell’s attorneys which induced Transpacific to waive its rights to rescind the Rowell policy is also alleged.
 

 The trial court denied leave to file the proposed cross-complaint. This appeal followed.
 

 On appeal, Transpacific and Citron do not assert error related to the allegation of the proposed cross-complaint with respect to conduct inducing waiver of a right to rescind the policy. They limit their
 
 *821
 
 contentions to the proposition that the rule of
 
 American Motorcycle Assn.
 
 v.
 
 Superior Court, supra,
 
 20 Cal.3d 578, authorizes the cross-complaint.
 

 The principles of
 
 American Motorcycle
 
 are not applicable to the case at bench.
 

 The proposed cross-complaint seeks to impose liability upon plaintiff’s counsel who represented him in his action against defendants-purported cross-complainants on two theories: one, that in some fashion delay and other negligent conduct of counsel in pursuing the claim was a contributing cause of the plaintiff’s original damage; and two, that the attorney conduct exacerbated the damage caused by defendants’ tortious conduct with respect to the claim.
 

 The second theory is beyond the ambit of
 
 American Motorcycle.
 
 That decision addresses issues involving concurrent tortfeasors (20 Cal.3d at p. 587). Appellants’ second theory seeks to impose liability for indemnity upon a subsequent tortfeasor. This court has previously determined in
 
 Held
 
 v.
 
 Arant, supra,
 
 67 Cal.App.3d 748, and in
 
 Gibson, Dunn & Crutcher
 
 v.
 
 Superior Court, supra, ante,
 
 p. 347, that the normal rules of indemnity from a subsequent exacerbating tortfeasor do not apply where the alleged subsequent tort is connected with lawyer representation of the plaintiff in his action against the one seeking indemnity. The theory underlying
 
 Held
 
 and
 
 Gibson, Dunn
 
 is that reasons of policy preclude a lawyer’s liability by way of cross-complaint for indemnity for damage to his own client in the course of action against the cross-complaining adversary. The potential of conflict between the client’s best interest and the course which the lawyer must take to minimize his own exposure to a cross-complaint from the adversary is untenable in view of the lawyer’s duty of undivided loyalty to his client. (See 67 Cal.App.3d at p. 752.)
 

 Appellants’ first theory of liability of cross-defendants fails for the same policy reasons. To the extent that the cross-complainants may be successful in proving at trial that action of the persons it seeks to name as cross-defendants contributed to the original injury, cross-complainants’ liability to plaintiff will be reduced by the principles of comparative fault. The proposed cross-complaint shows on its face that the fault with which appellants seek to charge cross-defendants was committed, if at all, in the course of their employment as agents for the plaintiff. To allow defendants the additional advantage of being permitted to seek indemnity from plaintiff’s counsel for the same conduct would be to countenance
 
 *822
 
 the same potential of conflict with the lawyer’s undivided loyalty to his client that is precluded in
 
 Held
 
 and in
 
 Gibson, Dunn.
 

 The order denying leave to file the cross-complaint is affirmed.
 

 Lillie, Acting P. J., and Hanson, J., concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied August 29, 1979.