[No. D008323. Fourth Dist., Div. One. Mar. 22, 1989.]

DON R. LEWIS et al., Plaintiffs, v.
ROBERT L. PURVIN, JR., Defendant, Cross-complainant and
Appellant;
RICHARD W. DAVIS, Cross-defendant and Respondent.

**COUNSEL**

Greco & Traficante and Jon B. Miller for Defendant, Cross-complainant and Appellant.

Richard W. Davis, in pro. per., for Cross-defendant and Respondent.

## OPINION

HUFFMAN, J.—Alleging a variety of theories, Don R. Lewis and Elinor J. Lewis sued Robert L. Purvin, Jr., for legal malpractice. Purvin in turn cross-complained against the Lewises' attorney of record, Richard W. Davis, seeking indemnification and declaratory relief arising out of the same transactions on which the Lewises based their complaint. After the trial court sustained without leave to amend Davis's demurrer to the cross-complaint, Purvin timely appealed.

Since the weight of authority precludes cross-complaints for indemnity by an attorney against successor counsel and malpractice actions by an attorney against opposing counsel, Purvin attempts to bring his pleading within a narrow exception to these rules. He alleges opposing counsel, Davis, represented the Lewises before, during, and after Purvin's alleged malpractice toward the Lewises. He further contends that due to his claim for implied indemnity, Davis has a duty to defend him upon demand under Code of Civil Procedure section 1021.6,[1] and he is therefore entitled to seek attorney fees by way of cross-complaint.

We hold that this cross-complaint, which would require the attorney for plaintiff in the main action to undertake the defense of the defendant and cross-complainant attorney, fails to state a cause of action. Such a pleading, however creatively worded, would constitute an unwarranted intrusion upon the existing attorney-client relationship. We therefore affirm the judgment dismissing the cross-complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

The Lewises, through their attorney Davis, sued Purvin, his partner Paul D. Hinton, and the law firm of Purvin & Hinton on theories of legal malpractice, actual and constructive fraud, breach of contract, breach of fiduciary duty, and conversion. According to the allegations of the first amended complaint (the complaint), Purvin represented Randall Walker and Diane Kassian Walker (the Walkers) in certain negotiations with the Lewises concerning the Lewises' investment in the Walkers' business. Although the facts pled in the cross-complaint reveal the Lewises had already retained Davis as their attorney, the complaint alleges Purvin orally undertook on July 8, 1986, at a particular Lewis-Walker meeting held in the course of their negotiations, to represent the Lewises, to protect their interests, and to advise them in the corporate and financial transactions between

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

the Lewises and Walkers. After that meeting, the Lewises made a further investment in the business. They allege Purvin's conduct during and after the meeting constituted malpractice, such as his drafting of the promissory note and UCC-1 financing statement and his failure to carry out the incorporation of the Walkers' partnership, along with numerous other actions and inactions.

Purvin cross-complained against Davis and "Roes 1-10" for total equitable indemnity, comparative equitable indemnity, and declaratory relief. The cross-complaint alleges Davis was the attorney for the Lewises at all times during the events set forth in the cross-complaint, which incorporates by reference the complaint. Purvin goes on to allege Davis initially agreed to attend the critical July 8, 1986, meeting, then decided he could not do so, but told Purvin to go forward with the meeting with both sets of clients in his absence. Davis told Purvin he would advise his clients not to take any further action without his consultation and review, but allegedly failed to do so. Purvin relayed Davis's intended advice to the Lewises at the meeting, and thus alleges if any attorney is liable for breach of duty to the Lewises, it is Davis.

Accompanying his claim for indemnity, Purvin demands that Davis assume Purvin's defense of the main action. He also prays for attorney's fees pursuant to section 1021.6, to be assessed if the demand is refused and he prevails.[2]

The trial court sustained Davis's demurrer to the cross-complaint without leave to amend on the grounds of failure to state sufficient facts to constitute a cause of action "in that on its face the action is barred by the public policy exception to the general principles of indemnity which prohibit a cross-complaint for indemnity against the attorney for an adversary." Judgment dismissing the cross-complaint was filed June 1, 1988.

---

[2] Section 1021.6 reads as follows: "Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict."

## Discussion

### I

### Standard of Review

On appeal, in assessing the sufficiency of a pleading upon demurrer, the court will deem true all material facts pleaded in the cross-complaint and those which arise by reasonable implication. (See *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 828 [122 Cal.Rptr. 745, 537 P.2d 865]; *Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931, 939-940 [175 Cal.Rptr. 81].) The cross-complainant bears the burden of demonstrating either that the demurrer was sustained erroneously or that sustaining the demurrer without leave to amend was an abuse of discretion. (*Pollack* v. *Lytle, supra,* at p. 939; *Stanson* v. *Brown* (1975) 49 Cal.App.3d 812, 814 [122 Cal.Rptr. 862].) It is error to sustain a demurrer without leave to amend where the cross-complainant has alleged facts showing entitlement to relief under any possible legal theory. (*McDonald* v. *Superior Court* (1986) 180 Cal.App.3d 297, 303 [225 Cal.Rptr. 394]; see *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817].)

### II

### Public Policy Considerations Preclude Cross-complaints for Indemnity Between Attorneys

Generally, an attorney's professional duty extends only to the intended beneficiary of his or her acts. (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 342-344 [134 Cal.Rptr. 375, 556 P.2d 737].) Since Davis was at all times adversary to Purvin, Purvin cannot directly allege that malpractice by Davis injured him. However, by cross-complaining for indemnity, he attempts to accomplish indirectly what he cannot do directly, by alleging Davis had a duty to his clients to insure Purvin carried out his professional duties properly.

Since this particular set of facts does not appear in any of the published cases dealing with indemnity requests in malpractice actions, Purvin is required to argue by analogy to the line of cases discussing the limits on an attorney's right to indemnity from successor counsel who was retained to extricate the client from the problems created by the first attorney. Purvin recognizes, as he must, the courts have created an exception to the broad application of indemnity principles in such cases. The various public policy reasons giving rise to this exception were pointed out in a dissenting opinion

in *Parker* v. *Morton* (1981) 117 Cal.App.3d 751, 767-768 [173 Cal.Rptr. 197]: "There are sound policy reasons supporting the rule that the first attorney has no right of indemnity from the second. Among them are: (1) the threat of such a lawsuit by a client's adversary impinges upon the individual loyalty of the second attorney in advising his client (*Held* v. *Arant* (1977) 67 Cal.App.3d 748, 752 [134 Cal.Rptr. 422]); (2) one consequence of such a cross-complaint is to preclude the second attorney from trying the lawsuit, thus depriving the party of the attorney of his choice (*Gibson, Dunn & Crutcher* v. *Superior Court* (1979) 94 Cal.App.3d 347, 352 [156 Cal.Rptr. 326]); (3) the threat of such a cross-complaint results in the injection of undesirable self-protective reservations into the attorney's counselling role, thereby diminishing the quality of legal services received by the client (see *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 344 [134 Cal.Rptr. 375, 556 P.2d 737]); and (4) such lawsuits jeopardize the policy of encouraging confidence and preserving inviolate the attorney-client relationship (*Commercial Standard Title Co.* v. *Superior Court* (1979) 92 Cal.App.3d 934, 944-995 [155 Cal.Rptr. 393] [*sic*])."

Purvin contends, however, these policies are inapplicable to his cross-complaint. He seeks to distinguish this case from earlier fact situations found not to support a claim of indemnity on the basis that Davis represented the Lewises before, during, and after the alleged malpractice, and thus is "entirely or jointly responsible" for the alleged malpractice of which they complain. He argues Davis is a sole or concurrent tortfeasor, and thus is not protected by the policies stated by courts earlier ruling in this field. (*Ibid.*) Instead, he contends the usual principles of equitable indemnity ought to apply, since the purpose behind the exception to such applicability would not be served by denying him relief. ██ ██ Therefore, he asserts his claim for total or comparative indemnity is not barred and, further, that he is entitled to pursue an award of attorney's fees by cross-complaint under section 1021.6. We will discuss these contentions separately.

## A

### Claim for Indemnity

██ Under ordinary principles of tort law, a tortfeasor who may be held liable for all injuries proximately caused by his or her negligence, including those which result from subsequent negligence, may cross-complain for indemnity against any subsequent tortfeasor whose negligence has exacerbated the original injury. (*Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 75 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]; *Parker* v. *Morton, supra,* 117 Cal.App.3d 751, 756.) Writing for the Court of Appeal, Justice Kaufman observed in *Parker* v. *Morton*: "This rule derives from several well-recog-

nized legal principles all of which foster the public policy of encouraging persons to conduct themselves with reasonable care: that every person should be responsible for the consequences of his negligent conduct [citations]; that as between tortfeasors who contribute to a loss each shall bear the loss in proportion to his fault [citations]; and that an injured person must himself take reasonable action to mitigate his damages [citations]." (*Ibid.*)

However, where an attorney sued for malpractice attempts to cross-complain against successor counsel for indemnity, important public policies preclude the application of these ordinary principles of indemnity. In order to determine the validity of Purvin's argument that this case is distinguishable from those involving successor attorneys, we must examine the allegations of the cross-complaint.

Purvin first alleges he was retained as attorney for the Walkers, while Davis was retained by the Lewises to represent them in connection with any loans made to or investments made in the Walkers' business. Purvin pleads Davis failed to properly advise the Lewises in several respects. Specifically, in paragraph 8 of the cross-complaint, Purvin alleges Davis negligently failed to advise the Lewises he would not be attending the July 8, 1986, meeting, and that as their attorney he should have advised them not to take any action with regard to the events that would transpire at that meeting. In paragraph 10 of the cross-complaint, Purvin alleges Davis negligently failed to adequately determine the ability of the Walkers and their partnership (all represented by Purvin) to repay loans, failed to properly review the documentation of such loans, and failed to properly represent the Lewises concerning their participation in the business. Such negligence on Davis's part is alleged to have proximately caused the losses suffered by the Lewises.

Next, in paragraph 11 of the cross-complaint, Purvin essentially alleges any negligence on his part in failing to carry out the incorporation of the Walkers' partnership is directly attributable to Davis, who later advised the Lewises not to participate in the investment any further, thus making even nonnegligent actions by Purvin on behalf of the business futile.

Our examination of these allegations makes it clear that the negligence attributed to Davis consists of his failure to take preventative or remedial steps to protect his clients from the consequences of the advice they claim they received from Purvin. According to Purvin, Davis's errors lay in not advising his clients in advance he would not be attending the meeting with them, and in not following up upon Purvin's negligent conduct to prevent the harm Purvin allegedly caused. However, while both Purvin and Davis are alleged to have been involved in the negotiations during the same time

period, it is clear from the pleadings their relationship was at all times adversary. Purvin thus fails to bring his case within the holding of *Pollack* v. *Lytle, supra,* 120 Cal.App.3d 931, where a co-counsel or associate counsel relationship was found to support a request for declaratory relief as to a right to indemnity between attorneys. Here, Davis's duties to his own clients were paramount in his interaction with Purvin and the necessary relationship between counsel is not alleged.

Instead, under the facts alleged, Davis fits squarely within the ambit of the cases discussing "successor attorneys" cited above. Davis is the attorney pursuing the civil action against Purvin in a continuing attempt to extricate the plaintiffs from the circumstances brought about by Purvin's alleged malpractice. The additional fact of his earlier involvement does not change the applicability of that line of cases.

Purvin's attempt to place his case within the scope of *Parker* v. *Morton, supra,* 117 Cal.App.3d 751, where a particular type of failure to perform a professional duty was found sufficient to support an indemnity claim, is also unsuccessful. In that case, the court stated as a general proposition: "We have no quarrel with disallowing a cross-complaint against the plaintiff's attorney when the negligence alleged is the unreasonable choice of alternative remedies of uncertain efficacy and requiring the exercise of professional judgment. . . ." (*Id*. at p. 767.) However, finding as a matter of law the negligent attorney failed to pursue a specific remedy necessary to protect the client's interests, the court there allowed the cross-complaint to be pursued. That court distinguished the facts before it from the usual situation where an attorney must exercise professional judgment in choosing between alternative remedies, which choice should not be affected by the threat of a later cross-complaint for indemnity.[3]

In the case before us, Purvin's allegations Davis should have protected his clients from the consequences of the advice they received from Purvin in no way resembles the claim upheld in *Parker* v. *Morton, supra,* 117 Cal.App.3d 751, that the successor attorney's failure to institute a particular action to protect the client's interests was as a matter of law the type of negligence that may give rise to a claim of indemnity without regard to policy considerations. The legal representation duties here were not so "cut and dried," instead involving ongoing adversarial relationships and arms' length transactions.

As all courts ruling in this field have recognized, the attorney-client relationship is uniquely susceptible to interference by claims for equitable

---

[3] This distinction in *Parker* v. *Morton, supra,* is labored at best. Any choice of a remedy, however obvious, involves some degree of exercise of professional judgment.

indemnity. The nature of an attorney's function is such that an attorney is the only professional who may have a duty to advise a client that a malpractice action against another professional may provide a solution to the client's problems. If such a malpractice action could generate a cross-complaint against a plaintiff's counsel who urged that course of action, it could easily detract from the attorney's duty to serve, selflessly and energetically, that client's interests. (*Goldfisher* v. *Superior Court* (1982) 133 Cal.App.3d 12, 22-23, fn. 2 [183 Cal.Rptr. 609]; *Held* v. *Arant, supra,* 67 Cal.App.3d at p. 752.) Where an attorney has been retained for the purpose of representing his client against persons who are actual or potential adversaries, "the possibility that one of those adversaries may seek indemnity from the attorney if he is held liable to the client can impinge upon the undivided loyalty owed by counsel." (*Ibid.*) Thus, public policy considerations are uniformly adverse to Purvin's claim.

■ Purvin further attacks the trial court's ruling on the demurrer by pointing to certain comments made by the court at oral argument: "Cross-defendant here is not a tort feasor in the underlying action, not responsible, or alleged to be responsible for plaintiffs' injuries, so I do not see how indemnity could be charged . . . ."

Purvin contends these comments show the trial court placed undue emphasis on the fact the Lewises decided not to sue Davis for his participation in the events surrounding the Lewis-Walker business transaction and in fact retained him as their attorney to seek to hold Purvin responsible. While Purvin correctly points out a cross-defendant in an indemnity cross-action need not be a party defendant in the main action, this comment by the court did not constitute error. Where a decision of a trial court is correct, the judgment will be affirmed regardless of the correctness of the grounds upon which the court reached its conclusion. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 259, p. 266.)

■ Finally, there is no danger the disallowance of Purvin's cross-complaint will interfere with his defense of the malpractice action, since his assertions of Davis's responsibility for the client's injury may still be raised by asserting an affirmative defense based upon Davis's alleged negligence, which may serve to reduce his potential exposure to damages. (*Holland* v. *Thacher* (1988) 199 Cal.App.3d 924, 929 [245 Cal.Rptr. 247]; see also *Rowell* v. *TransPacific Life Ins. Co.* (1979) 94 Cal.App.3d 818, 821 [156 Cal.Rptr. 679].)

## B

### Request for Attorney's Fees

█ Although Purvin recognizes the absence of a cross-complaint will not prevent him from raising the defense of comparative fault, he argues he must be allowed to pursue equitable indemnity by way of cross-complaint in order to derive the benefit of receiving attorney's fees pursuant to section 1021.6. █ While the face of the cross-complaint does not reveal that Davis is the attorney of record for the Lewises in the complaint pending against Purvin, we are entitled to take judicial notice of this fact under Evidence Code sections 452(d)(1) and 459. █ Davis's continued representation of the Lewises is a factor strongly supporting the applicability of the public policy reasons disallowing cross-complaints of this sort, in particular as pointed out in the dissent in *Parker* v. *Morton, supra,* 117 Cal.App.3d at page 767: "[O]ne consequence of such a cross-complaint is to preclude the second attorney from trying the lawsuit, thus depriving the party of the attorney of his choice . . . ."

Here, the cross-complaint demands at paragraph 13: "Cross-complainant has necessarily retained attorneys to represent him in the defense of the Complaint, as amended, and has incurred and is incurring legal fees, court costs, investigative costs, and consultant fees. Pursuant to Code of Civil Procedure section 1021.6, cross-complainant makes demand on all cross-defendants to assume the defense of and indemnify cross-complainant from any and all liability pursuant to plaintiffs' Complaint."

The practical application of that demand in this lawsuit would be to require Davis to undertake the defense of Purvin in the lawsuit filed by Davis on behalf of his clients, the Lewises, against Purvin. If Purvin's demand to be defended were accepted by Davis, Davis would be defending against himself, acting as counsel for both sides. If the demand were refused and if Purvin then prevailed in his request for indemnification, Davis would be personally liable to pay Purvin's chosen counsel's fees incurred in defending against Davis's efforts to prosecute his clients's complaint. The result is not only absurd, it also creates precisely that intrusion upon the duty of the attorney to represent his or her client which has been of concern to each Court of Appeal issuing the opinions discussed above, ruling upon claims for indemnity in legal malpractice actions. The trial court recognized this concern and acted properly when it sustained Davis's demurrer without leave to amend.

## DISPOSITION

The judgment of the trial court dismissing the cross-complaint is affirmed.

Kremer, P. J., and Todd, J., concurred.