[No. G024438. Fourth Dist., Div. Three. June 9, 1999.]

BESSIE AUSTIN et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CHAMBERS, NORONHA & LOWRY et al., Real Parties in Interest.

**COUNSEL**

Smith, Smith & Harter and E. Gary Smith for Petitioners.

No appearance for Respondent.

Beam, Brobeck & West, Byron J. Beam, Barbara J. Salvini; Chambers, Noronha & Lowry, Jeffrey Lowry; Anderson & Anderson, Martin W. Anderson, Peter A. Noronha and Gary L. Chambers for Real Parties in Interest.

**OPINION**

**RYLAARSDAM, J.—** ██ We follow now-well-established precedent holding that a lawyer sued by a former client for legal malpractice may not cross-complain against plaintiff's present lawyer for indemnity or contribution. Because our previous decision in a malicious prosecution case was misinterpreted as permitting such a cross-complaint, we publish this decision.

FACTS

Plaintiff Bessie Austin, represented by Smith, Smith & Harter, LLP (collectively, with two members of that firm, SS&H), sued Chambers, Noronha & Lowry and several members of that firm (collectively CN&L), for legal malpractice. The thrust of the allegations is that CN&L, by previously suing the wrong defendants, permitted the statute of limitations to run on Austin's medical malpractice claim. CN&L filed a cross-complaint against SS&H asserting a cause of action for equitable indemnity or contribution. This latter claim is based on allegations that SS&H negligently caused and increased plaintiff's damages in failing to salvage the sinking medical malpractice vessel by not pursuing that claim, once they took over as Austin's lawyers.

SS&H demurred to the cross-complaint, contending that, in an action for legal malpractice, public policy prohibits a cross-complaint against

plaintiff's subsequent lawyers. The trial court overruled the demurrer. SS&H petitioned this court for a writ of mandate to compel the trial court to sustain their demurrer. We issued an order to show cause why the requested relief should not be granted.

## Discussion

In *Copenbarger* v. *International Ins. Co.* (1996) 46 Cal.App.4th 961 [54 Cal.Rptr.2d 1], an action for malicious prosecution, we discussed the competing policies relating to a cross-complaint for indemnity filed in a legal malpractice action against successor lawyers. We noted: "The issue of whether a lawyer sued for malpractice may seek indemnity from a lawyer who subsequently represented the plaintiff-client vexed the courts for some time. Where it was contended the conduct of the successor lawyer contributed to plaintiff's loss, general rules of indemnity and contribution (see, e.g., *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 75 . . .) argue in favor of permitting cross-complaints or actions for contribution or indemnity by the original lawyer, now being sued. At least since *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 . . . , our courts have enunciated the principle that '. . . liability for an indivisible injury caused by concurrent tortfeasors will be borne by each individual tortfeasor "in direct proportion to [his] respective fault." ' (*Id.* at p. 598.) *American Motorcycle* provided the procedural mechanism to permit one tortfeasor to obtain contribution from another who contributed to the damage by permitting a tort defendant either to file a cross complaint or a separate action for indemnity or contribution against another who allegedly contributed to the damage for which the defendant may be liable." (*Copenbarger, supra,* at pp. 964-965.)

However, there are competing policies in the case of a lawyer sued for malpractice. Again, in *Copenbarger* we noted: "In the case of a lawyer sued for malpractice, however, there are policies which militate against permitting the assertion of indemnity and contribution claims against the successor lawyer. Since the successor lawyer frequently is the very lawyer representing plaintiff in the malpractice action, permitting such a claim to proceed would create conflicts for that lawyer in the malpractice action. The mere ability to pursue such a claim would thus give the lawyer being sued for malpractice a tactical weapon not available to defendants in other tort actions. Other policies militating against permitting such a cross-complaint or suit for indemnity or contribution to proceed arise from the difficult problems posed by the lawyer's duty to protect the confidences of the client and arising out of the policies protecting the lawyer's work product. These conflicting policies resulted in a number of conflicting appellate decisions." (*Copenbarger* v. *International Ins. Co., supra,* 46 Cal.App.4th at p. 965.)

In *Copenbarger* we concluded that, because of conflicting appellate decisions, a legal malpractice defendant filing an action for indemnity against the plaintiff's then lawyer could not be guilty of malicious prosecution. We held that the trial court did not err in determining that defendants had probable cause to institute and maintain such an action where the law was still unsettled. In reaching this conclusion, we noted that one case, *"Parker* v. *Morton* [(1981) 117 Cal.App.3d 751 [173 Cal.Rptr. 197]], decided by the Fourth District (opn. by Kaufman, J.), held [that a cause] of action for indemnity and contribution could be asserted by the defendant lawyer against the successor lawyer." (*Copenbarger* v. *International Ins. Co., supra,* 46 Cal.App.4th at pp. 965-966.) It was our view that, because *Parker* v. *Mortion* (1981) 117 Cal.App.3d 751 [173 Cal.Rptr. 197] had never been overruled and the issue had never been decided by the California Supreme Court, we could not conclude as a matter of law that "no reasonable attorney would have thought the claim for indemnity against [the successor lawyers] to be tenable," (46 Cal.App.4th at p. 966) the test for the absence of probable cause. (See, e.g., *Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 886 [254 Cal.Rptr. 336, 765 P.2d 498].)

Respondent here contends that, in holding there was probable cause for the filing of the indemnity action in *Copenbarger*, we endorsed the holding in *Parker*. We intended no such endorsement. *Parker* stands alone among a substantial number of cases. Every other case dealing with the subject concluded that the policies against permitting a claim of indemnity against the successor lawyer outweighed the policies favoring it. These cases include *Major Clients Agency* v. *Diemer* (1998) 67 Cal.App.4th 1116 [79 Cal.Rptr.2d 613]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Bales* (1990) 221 Cal.App.3d 227 [270 Cal.Rptr. 421]; *Lewis* v. *Purvin* (1989) 208 Cal.App.3d 1208 [256 Cal.Rptr. 827]; *Holland* v. *Thacher* (1988) 199 Cal.App.3d 924 [245 Cal.Rptr. 247]; *Goldfisher* v. *Superior Court* (1982) 133 Cal.App.3d 12 [183 Cal.Rptr. 609]; *Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931 [175 Cal.Rptr. 81]; *Rowell* v. *TransPacific Life Ins. Co.* (1979) 94 Cal.App.3d 818 [156 Cal.Rptr. 679]; and *Gibson, Dunn & Crutcher* v. *Superior Court* (1979) 94 Cal.App.3d 347 [156 Cal.Rptr. 326].

We join this chorus and conclude that *Parker* v. *Morton, supra,* 117 Cal.App.3d 751 was erroneously decided. The trial court erred in overruling petitioner's demurrer.

## DISPOSITION

The petition is granted. Let a writ of mandate issue directing the trial court to vacate its order overruling the demurrer of cross-defendants E. Gary

Smith, David J. Harter and Smith, Smith & Harter, LLP and enter a new order sustaining the demurrer. Petitioner shall recover their costs for these writ proceedings.

Sills, P. J., and Crosby, J., concurred.