**FLORIDA ASSET FINANCING CORP.,**
a Florida Corporation, Plaintiff-
counter-defendant—Appellant,

v.

**BORTIN PETRINI & CONRON,** a California law partnership; James D. Baker, III, an individual; Marc R. Welton, Defendants-cross-defendants—Appellees,

Fuad Mousa Ansari, an individual; Ahed Mousa Alansari, an individual; Najib E. Khoury, an individual; Al–Sharif Ahmed Al–Abdali, an individual; Newport Financial Express Corporation, a California Corporation, Defendant-cross-defendant-cross-claimants—Appellees,

Lorenz Alhadeff Cannon & Rose, LLP, a California professional limited liability partnership, Cross-defendant—Appellee.

Florida Asset Financing Corp., a Florida Corporation, Plaintiff-counter-defendant—Appellee,

v.

Bortin Petrini & Conron, a California law partnership; James D. Baker, III, an individual; Marc R. Welton, Defendants-cross-defendants,

Najib E. Khoury, an individual; Al–Sharif Ahmed Al–Abdali, an individual; Newport Financial Express Corporation, a California Corporation, Defendant-cross-defendant-cross-claimants,

and

Fuad Mousa Ansari, an individual; Ahed Mousa Alansari, an individual, Defendant-cross-defendant-cross-claimants—Appellants,

v.

LORENZ ALHADEFF CANNON & ROSE, LLP, a California professional limited liability partnership, Cross-defendant.

Florida Asset Financing Corp., a Florida Corporation, Plaintiff-counter-defendant—Appellee,

v.

Bortin Petrini & Conron, a California law partnership, Defendant-cross-defendant-cross-complainant—Appellant,

and

James D. Baker, III, an individual; Marc R. Welton; Defendants-cross-defendants,

Fuad Mousa Ansari, an individual; Ahed Mousa Alansari, an individual; Najib E. Khoury, an individual; Al–Sharif Ahmed Al–Abdali, an individual; Newport Financial Express Corporation, a California Corporation, Defendant-cross-defendant-cross-claimants,

Lorenz Alhadeff Cannon & Rose, LLP, a California professional limited liability partnership, Cross-defendant.

Florida Asset Financing Corp., a Florida Corporation, Plaintiff-counter-defendant—Appellee,

v.

Bortin Petrini & Conron, a California law partnership; James D. Baker, III, an individual; Marc R. Welton, Defendants-cross-defendants,

Fuad Mousa Ansari, an individual; Ahed Mousa Alansari, an individual; Najib E. Khoury, an individual; Al–Sharif Ahmed Al–Abdali, an individual; Newport Financial Express Corporation, a California Corporation, Defendant-cross-defendant-cross-claimants,

Lorenz Alhadeff Cannon & Rose, LLP, a California professional limited liability partnership, Cross-defendant—Appellant.

No. 00–55094, 00–55097, 00–55131, 00–55143.

D.C. No. CV–96–01144–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2001.

Decided May 1, 2001.

Amended on Rehearing July 17, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM *

Florida Asset Financing Corp. (FAFC), Ahed Mousa Alansari (Ed Alansari), Lorenz Alhadeff Cannon & Rose, LLP (LACR), and Borton, Petrini & Conron (BPC), a California law partnership, appeal different facets of the district court's decision. We affirm in part, reverse in part and remand.

■■■ (1) FAFC argues that the district court erred in granting summary judgment in favor of BPC. We agree in part. The district court correctly determined that Marc Welton did not have ostensible authority to sign a guaranty on BPC's behalf, as there was no act or declaration on BPC's behalf which expressly or impliedly granted that authority to him. Furthermore, there was no reliance by FAFC on any act of BPC. *See Associated Creditors' Agency v. Davis*, 13 Cal.3d 374, 399, 530 P.2d 1084, 1100, 118 Cal.Rptr. 772, 788, (1975); *see also Gulf Ins. Co. v. TIG Ins. Co.*, 86 Cal.App.4th 422, 439, 103 Cal. Rptr.2d 305, 317 (2001); *Asplund v. Selected Invs. in Fin. Equities, Inc.*, 86 Cal. App.4th 26, 46 n. 12, 103 Cal.Rptr.2d 34, 47

n. 12 (2000). Nor is BPC vicariously liable for Welton's conduct under a respondeat superior theory because it could not have foreseen that he would sign a guaranty on its behalf, or that someone would assume that he could. *See Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal.4th 291, 296–98, 907 P.2d 358, 360–62, 48 Cal. Rptr.2d 510, 512–14 (1995); *Rita M. v. Roman Catholic Archbishop*, 187 Cal. App.3d 1453, 1461, 232 Cal.Rptr. 685, 690 (1986); *see also Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, 12 Cal.App.4th 74, 93, 15 Cal.Rptr.2d 585, 595 (1993) ("The normal partnership is organized to carry on a business for its members, and not to assist other persons by becoming surety for them, or answerable for their debts." (internal quotation marks and citations omitted)). Therefore, the district court correctly granted summary judgment on the breach of contract, fraudulent misrepresentation, and negligent misrepresentation claims, and properly declared that BPC is not bound by the guaranty, which Welton signed.

■■■ The district court also granted summary judgment on FAFC's negligent supervision claim against BPC. It erred in that respect. BPC did have a duty to supervise Welton, and the negligent failure to do so could make it responsible for the injuries that he caused. *See Noble v. Sears, Roebuck & Co.*, 33 Cal.App.3d 654, 663, 109 Cal.Rptr. 269, 275 (1973); *see also* Restatement (Second) of Agency § 213 cmt. a. (1958) Taking the evidence in the light most favorable to FAFC, BPC employed Welton and had a duty to control his use of its facilities and materials when he dealt with others. It breached that duty when it took asthenic steps, with no follow-up, after it heard that he was misrepresenting his position at the firm and,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

worse than that, took no steps whatsoever when it was told that he had purported to sign a note or guaranty as a partner of the firm. That inactivity left Welton in a position from which he could go on perpetrating his frauds by signing the documents upon which FAFC then relied when it purchased the note in question. That FAFC suffered damage is indisputable. *See Juarez v. Boy Scouts of Am., Inc.*, 81 Cal.App.4th 377, 401, 97 Cal.Rptr.2d 12, 28–29 (2000). Thus, summary judgment should not have been granted on this claim.[1]

(2) FAFC also takes issue with the district court's grant of summary judgment in favor of Kenneth Bernard and Newport Financial Express Corp. However, there is no evidence that Bernard and Newport had any duty to FAFC, or that through their actions or inaction they knowingly made a false representation upon which FAFC relied. *See Home Budget Loans, Inc. v. Jacoby & Meyers Law Offices*, 207 Cal.App.3d 1277, 1285, 255 Cal.Rptr. 483, 487 (1989); *Cicone v. URS Corp.*, 183 Cal. App.3d 194, 200, 227 Cal.Rptr. 887, 890 (1986); *Doctor v. Lakeridge Constr. Co.*, 252 Cal.App.2d 715, 720, 60 Cal.Rptr. 824, 828 (1967). Surely, there is no substantial evidence that Bernard or Newport engaged in a conspiracy to defraud FAFC. *See Choate v. County of Orange*, 86 Cal. App.4th 312, 333, 103 Cal.Rptr.2d 339, 353 (2001); *Stone v. Regents of the Univ. of Cal.*, 77 Cal.App.4th 736, 748 n. 9, 92 Cal. Rptr.2d 94, 102 n. 9 (1999); *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581–82, 47 Cal.Rptr.2d 752, 757–58 (1995).

(3) The district court erred when it dismissed Ed Alansari's first amended cross-claim regarding negligent supervision for failure to state a claim upon which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6). As is more particularly outlined in part (1) of this memorandum disposition, by the time Alansari was misled and injured as alleged in that claim, if misled and injured he was, BPC did have sufficient knowledge of Welton's propensities and conduct to make it liable for Welton's actions regarding the July 5, 1996, transaction. Therefore, the district court should not have dismissed the negligent supervision cross-claim at the pleading stage.

■ (4) BPC appeals the district court's decision to grant LACR's motion to dismiss BPC's claim for negligence and indemnification. However, the district court correctly held that BPC did not state a claim under a negligence theory because LACR did not owe BPC any duty. *See Goodman v. Kennedy*, 18 Cal.3d 335, 342, 556 P.2d 737, 742, 134 Cal.Rptr. 375, 380 (1976); *Goldberg v. Frye*, 217 Cal.App.3d 1258, 1267, 266 Cal.Rptr. 483, 488 (1990). BPC surely does not fit into any of the exceptions to the general rule that an attorney does not have a duty to parties other than his own clients. *Cicone v. URS Corp.*, 183 Cal.App.3d at 201, 227 Cal.Rptr. at 891 (1986); *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz*, 57 Cal.App.3d 104, 111, 128 Cal.Rptr. 901, 906 (1976); *see also Goodman*, 18 Cal.3d at 344, 556 P.2d at 743, 134 Cal.Rptr. at 381. Likewise, the district court correctly held that BPC's indemnity claim against LACR is precluded by well settled California law. *See Major Clients Agency v. Diemer*, 67 Cal. App.4th 1116, 1130, 79 Cal.Rptr.2d 613, 621 (1998); *Cal. State Auto. Ass'n Inter–*

---

**1.** We hasten to add that statements about the facts in this disposition are simply based on the record at summary judgment and are not meant to establish those facts as the law of the case.

*Ins. Bureau v. Bales,* 221 Cal.App.3d 227, 230, 270 Cal.Rptr. 421, 423 (1990); *Commercial Standard Title Co. v. Superior Court,* 92 Cal.App.3d 934, 944–45, 155 Cal. Rptr. 393, 400 (1979); *Gibson, Dunn & Crutcher v. Superior Court,* 94 Cal.App.3d 347, 353, 156 Cal.Rptr. 326, 329 (1979).

(5) Because BPC did not file a notice of appeal once the fee awards were made, we lack jurisdiction to review BPC's objections about the amount of the attorney's fee award against FAFC and the denial of fees against Alansari. *See Culinary & Serv. Employees Union, Local 555 v. Hawaii Employee Benefit Admin.,* 688 F.2d 1228, 1232 (9th Cir.1982).

REVERSED as to the summary judgment in favor of BPC on FAFC's claim for negligent supervision, and, also, REVERSED as to the dismissal for failure to state a claim of Ed Alansari's cross-claim for negligent supervision. REMANDED for further proceedings on those issues. In all other respects, AFFIRMED. LACR shall recover its costs on appeal from BPC. Bernard and Newport Financial shall recover their costs on appeal from FAFC. Otherwise, the parties shall bear their own costs on appeal.