[Civ. No. 43695. Second Dist., Div. Four. Dec. 26, 1974.]

ALBERT H. SOLIZ, Plaintiff and Respondent, v.
SUMNER J. SPIELMAN et al., Defendants and Respondents;
HOME INDEMNITY COMPANY, Intervener and Appellant.

---

## COUNSEL

Samuel B. Picone and Bruce J. Brothers for Intervener and Appellant.

Benton, Orr, Duval & Buckingham and Edwin Duval for Defendants and Respondents.

No appearance for Plaintiff and Respondent.

---

## OPINION

**KINGSLEY, J.**—On November 2, 1968, Soliz was injured while in the employ of a company for which Home was the workmen's compensation carrier. As a result of that accident, Home paid benefits to Soliz in the amount of $26,831.22.

On November 6, 1968, Soliz retained defendants Spielman, Ghitterman and Steele (hereinafter "the attorneys") to bring an action against third parties alleged to have been the cause of the industrial injury. The attorneys allowed the statute of limitations to run on that cause of action.

On May 27, 1970, Soliz brought suit against the attorneys for

malpractice. Thereafter Home filed a complaint in intervention in the malpractice suit and also filed therein a notice of lien claim. After the malpractice suit had progressed for two days, Soliz, without the knowledge or consent of Home, settled the malpractice action. The trial court then granted the attorneys judgment on the pleadings and struck Home's notice of lien. This appeal followed.[1]

The present appeal presents a question on which there is no square authority. It is admitted that, had the attorneys duly filed and prosecuted the proposed action against the third parties and recovered a judgment therein in Soliz' favor, Home, either by complaint in intervention or by notice of lien, in *that* action would (unless the employer were contributorily negligent) have had a right of reimbursement for its compensation payments. The question before us is whether the attorneys, by preventing the personal injury action from proceeding, have become liable to Home. We conclude that they did not.

In chapter 5, part 1, division 4 (Lab. Code, §§ 3850-3864),[2] the Legislature has set forth an elaborate system for protecting the rights of an employer (or its carrier) to share in any recovery against a third party tortfeasor, so as to prevent a double recovery by the injured employee. Under section 3852, either the employee or the employer may bring an action against the third party. Whichever sues must notify the other; if both sue the actions may be consolidated. If the employee sues, the employer may, at its option, either intervene in the employee's action or, under section 3856, claim a lien on the employee's judgment.

But nowhere in the elaborate statutory scheme is there created any duty on the employee to the employer to institute an action against a third party. If the employee feels that any recovery in such a suit will not produce enough more than he has already received as workman's compensation, he may, without liability to the employer, allow the statute of limitations to run against his potential claim. If the employee is not liable to the employer for not suing, a fortiori he is not liable where, as here, the failure to sue was due to the (assumed) negligence of others.

Nor can we find any duty on the attorneys in this case to the employer.

---

[1]The complaint in intervention was in two counts. On January 4, 1972, the trial court entered an order striking the first cause of action and the notice of lien. Home appealed from that order; in Civ. 40024 Division One of this court dismissed the appeal, under the "final judgment" rule because the second cause of action was undetermined. On remand, Home dismissed the second cause of action; judgment on the pleadings on the first count was then entered. Home has appealed from that judgment. We find no notice of appeal directed to the order striking the lien.

[2]All subsequent statutory citations are to the Labor Code.

As this court pointed out in *Brian v. Christensen* (1973) 35 Cal.App.3d 377 [110 Cal.Rptr. 688], even if suit is filed by the employee, the statutory duty to notify the employer is cast solely on the employee and not on the employee's attorney. By entering into the retainer from Soliz the attorneys herein involved assumed a duty to Soliz; they assumed no duty to the employer and they are not liable to the employer because they breached their duty to Soliz.

As we pointed out above, the employer was entitled to sue the third party, in its own name. It was aware of the date of injury and of the involvement of the third party since those facts must, of necessity, have been disclosed in the workmen's compensation proceeding. It had ample means to discover whether Soliz had filed any action. If he had not done so as the statute was about to run, the employer's remedy was to get its own action on file. We cannot see that it had, or has, any other remedy.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.