[No. C017023. Third Dist. Feb. 6, 1995.]

ASSURANCE COMPANY OF AMERICA, Plaintiff and Appellant, v. RONALD R. HAVEN et al., Defendants and Respondents.

**COUNSEL**

Wright, Robinson, McCammon, Osthimer & Tatum, James C. Nielsen and Charles H. Horn for Plaintiff and Appellant.

Larson & Burnham, David O. Larson, James L. Wraith and Michael K. Johnson for Defendants and Respondents.

## OPINION

**DAVIS, J.**—In this case, a liability insurer defended its insured under a reservation of rights that created a conflict of interest between the two of them. The issue on appeal is whether a liability insurer can sue its insured's *Cumis* counsel[1] for negligence based on a breach of statutory duty for failing—in contravention of Civil Code section 2860—to inform and consult with the insurer in a timely manner, to disclose to the insurer all nonprivileged information, and to cooperate in exchanging information with insurer-provided counsel. (Civ. Code, § 2860, subds. (d), (f).) We conclude the answer is yes where these failures encompassed nonprivileged information known to *Cumis* counsel and precluded the insurer, as alleged here, from timely asserting a complete defense to an entire action or to a cause of action that had been brought against its insured.[2]

We also conclude that *Cumis* counsel cannot be held negligently or statutorily liable *to the insurer* for failing to investigate, prepare, assert, establish, or perform similar functions regarding that complete defense. In line with Civil Code section 2860 (which codified and clarified the *Cumis* decision) and the recognized independence of *Cumis* counsel, the *Cumis* counsel's duties to the insurer, in this situation, are limited to the duties of providing known information, as mandated by subdivisions (d) and (f) of section 2860. Because there is a reasonable possibility that the insurer here can amend its complaint to allege this negligent liability against *Cumis* counsel based on the duties to disclose, inform, consult and cooperate set forth in Civil Code section 2860, we reverse the trial court's judgment of dismissal which was based on a demurrer sustained without leave to amend.

### BACKGROUND

The insurer here, Assurance Company of America (ACA), filed a complaint for negligence against its insured's *Cumis* counsel, Ronald Haven and Shepard & Haven (Haven).[3] Haven demurred. The trial court sustained the demurrer without leave to amend and dismissed ACA's complaint.

---

[1]*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913] (*Cumis*); see also Civil Code section 2860.

[2]Our conclusion is phrased in terms of a complete defense to an entire action or to a cause of action because that is what the insurer has alleged here. This case does not present allegations of a less significant injury to the insurer.

[3]The caption of the ACA complaint states it is for general negligence and professional negligence. The text of the complaint sets forth one cause of action for general negligence. A recent decision from the California Supreme Court, *Flowers* v. *Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992 [35 Cal.Rptr.2d 685, 884 P.2d 142], concludes there is no substantive distinction between a cause of action for professional negligence and one for ordinary negligence.

A demurrer challenges only the legal sufficiency of the complaint, not the truth or the accuracy of its factual allegations or the plaintiff's ability to prove those allegations. (*Amarel* v. *Connell* (1988) 202 Cal.App.3d 137, 140 [248 Cal.Rptr. 276].) "We therefore treat as true all of the complaint's material factual allegations, including facts that may be implied or inferred from those expressly alleged." (*Id.* at p. 141.) When a demurrer has been sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, we reverse; if not, we affirm. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

ACA's complaint alleges the following facts. Greg Hill—not a party here—was injured in a construction accident. Hill sued Bremco Construction, Inc. (Bremco), for negligence and peculiar risk. Bremco was a contractor that had subcontracted with Hill's employer, Frank Ferreira Paving & Grading (Ferreira). Bremco's insurer hired Haven to defend Bremco.[4]

Haven filed an answer for Bremco and tendered Bremco's defense to Ferreira under Ferreira's ACA insurance policy. ACA accepted Bremco's defense, subject to a reservation of rights that the parties concede on appeal created a conflict of interest between ACA and Bremco.

ACA advised Haven that it had selected Attorney Robert Barker to serve as Bremco's defense counsel. Haven refused to allow Barker to substitute in as Bremco's defense counsel, and advised ACA that he (Haven) would " 'stay in the case as Cumis counsel.' "

According to ACA's complaint, Haven failed to assert a statute of limitation defense for Bremco through a demurrer or an answer. After Haven was notified of this failing, he filed on November 10, 1992, an amended answer attempting to plead the statute of limitation as an affirmative defense. This amended answer was procedurally and substantively defective.

Trial in the Hill v. Bremco matter was set for March 25, 1993. On January 14, 1993, Hill made a Code of Civil Procedure section 998 (section 998) offer to settle with Bremco for the policy limits ($1 million).

Haven failed to raise the statute of limitation issue again until January 26, 1993, when he filed a motion for summary judgment. The section 998

---

[4]In this accident, Hill was apparently injured by a product manufactured by Clark Equipment Company. Hill sued Clark as well. For simplicity, we will refer to Hill's action as "Hill v. Bremco." We grant Haven's request to take judicial notice of Hill's complaint and first amended complaint. (Evid. Code, § 459.)

settlement offer was set to expire, however, before the summary judgment motion was set to be heard.

In addition, Haven failed to demur to or move for summary judgment regarding Hill's cause of action for peculiar risk.

Finally, ACA alleges that Haven failed to keep ACA properly informed of the Hill v. Bremco facts, theories, status, procedural developments, and evaluations; that Haven failed to disclose to ACA all nonprivileged information concerning Hill v. Bremco; and that Haven failed timely to inform and consult with ACA on all matters relating to Hill v. Bremco.

According to ACA's complaint, Haven's failure timely to assert the defenses involving the statute of limitations and peculiar risk, and his other failures and breaches of duty, forced ACA to accept Hill's section 998 settlement offer without a judicial determination of these defenses; ACA could not do otherwise because if the settlement offer lapsed and these defenses proved unsuccessful, Bremco might face a verdict substantially greater than the policy limits. Because of Haven's negligence, as described above, ACA alleged it was damaged in the amount of $1 million, the ACA policy limit for Bremco.

## DISCUSSION

 In this appeal, we conclude that a liability insurer can sue its insured's *Cumis* counsel for negligence based on a breach of statutory duty for failing—in contravention of Civil Code section 2860—to inform and consult with the insurer in a timely manner, to disclose to the insurer all known, nonprivileged information, and to cooperate in exchanging information with insurer-provided counsel, when those failures preclude the insurer, as alleged here, from timely asserting a complete defense to an entire action or to a cause of action that has been brought against its insured.[5] We also conclude that *Cumis* counsel cannot be held negligently or statutorily liable to the insurer for failing to investigate, prepare, assert, establish, or perform similar functions regarding that complete defense. This distinction is drawn in recognition of the duties specified in section 2860 and in recognition of the independence of *Cumis* counsel who *represents* the insured, not the insurer.[6]

We begin by briefly reviewing the reason for *Cumis* counsel. An insurer is obligated to provide its insured with a defense to a third party's

---

[5]See footnote 2, *ante.*

[6]This distinction is irrelevant to *Cumis* counsel's insurance coverage for negligent breach of the Civil Code section 2860 statutory duties. Section 2860 prescribes certain duties of disclosure, consultation and cooperation that *Cumis* counsel owes to the insurer. (Civ. Code, § 2860, subds. (d), (f).)

lawsuit when there exists a *potential* for liability under the policy. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275 [54 Cal.Rptr. 104, 419 P.2d 168].) In this way, an insurer's duty to defend is broader than its duty to indemnify. (*Montrose Chemical Corp.* v. *Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) Under these circumstances, an insurer may provide a defense under a reservation of rights, agreeing to defend, but promising to indemnify only for conduct covered by the policy. (*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (*Cumis*), *supra*, 162 Cal.App.3d at p. 364.)

An insurer usually provides a defense to its insured by hiring competent defense counsel, who represents the interests of both the insurer and the insured. (*Cumis*, *supra*, 162 Cal.App.3d at p. 364; *Travelers Ins. Co.* v. *Lesher* (1986) 187 Cal.App.3d 169, 191 [231 Cal.Rptr. 791].) In some cases, such as this one, there is a conflict of interest or a potential conflict of interest between the insurer and the insured. (*Cumis*, *supra*, at pp. 364, 375.) Usually, these conflicts involve the insured trying to obtain coverage and the insurer trying to avoid it. (*Id.* at pp. 364-365.) When this happens, defense counsel may not be permitted to represent both the insurer and the insured. (*Id.* at p. 375.) The insurer may be required to provide the insured, at the insurer's expense, with independent counsel (i.e., *Cumis* counsel), who then controls the litigation. (*Ibid.*; Civ. Code, § 2860.)

 That brings us to Civil Code section 2860. Section 2860 was enacted as part of the "Willie L. Brown, Jr.—Bill Lockyer Civil Liability Reform Act of 1987." (Stats. 1987, ch. 1498, §§ 1, 4, pp. 5777, 5779.) The section codifies and clarifies the *Cumis* doctrine (see *Employers Ins. of Wausau* v. *Albert D. Seeno Const.* (N.D.Cal. 1988) 692 F.Supp. 1150, 1155 (*Seeno*)), and provides in its entirety:

"(a) If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel. An insurance contract may contain a provision which sets forth the method of selecting that counsel consistent with this section.

"(b) For purposes of this section, a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage;

Nonintentional and nonfraudulent violations of these duties align with the type of coverage typically provided under "error and omission" insurance policies. Moreover, as we shall see, section 2860 allows the insurer to insist that *Cumis* counsel have "errors and omissions coverage." (Subd. (c).)

however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist. No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy limits.

"(c) When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.

"(d) When independent counsel has been selected by the insured, it shall be the duty of that counsel and the insured to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action. Any claim of privilege asserted is subject to in camera review in the appropriate law and motion department of the superior court. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.

"(e) The insured may waive its right to select independent counsel by signing the following statement: 'I have been advised and informed of my right to select independent counsel to represent me in this lawsuit. I have considered this matter fully and freely waive my right to select independent counsel at this time. I authorize my insurer to select a defense attorney to represent me in this lawsuit.'

"(f) Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation. Counsel shall cooperate fully in the exchange of

information that is consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of his or her duty to cooperate with the insurer under the terms of the insurance contract."[7]

The issues before us involve the scope of *Cumis* counsel's duties to the liability insurer and whether that insurer can maintain a negligence action against *Cumis* counsel for breach of those duties. These issues require us to interpret Civil Code section 2860.

Certain rules of statutory construction guide our interpretation. The basic objective of statutory interpretation is to advance legislative intent. (*Department of Fish & Game* v. *Anderson-Cottonwood Irrigation Dist.* (1992) 8 Cal.App.4th 1554, 1562 [11 Cal.Rptr.2d 222].) "In determining intent, we look first to the words themselves." (*Ibid.*) "[W]e read the words of the statute according to their 'usual, ordinary, and common sense meaning' consistent with the statute's apparent purpose . . . ." (*Al-Sal Oil Co.* v. *State Bd. of Equalization* (1991) 232 Cal.App.3d 969, 976 [283 Cal.Rptr. 843].) " 'When the [statutory] language is clear and unambiguous, there is no need for construction. . . . When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids.' " (*Department of Fish & Game, supra,* 8 Cal.App.4th at p. 1562, quoting *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154], citation omitted.) These extrinsic aids may include the ostensible objects to be achieved, the statutory structure, and public policy. (*Ibid.*)

ACA maintains that Civil Code section 2860 allows a liability insurer to sue a *Cumis* counsel for negligence when *Cumis* counsel fails "to establish the insured's total nonliability." ACA's basic point is that in this context there is no conflict or potential conflict between the insurer and the insured —instead, they share a common interest of establishing "total nonliability." While ACA's position has a certain appeal, we conclude that it would ultimately undermine the independent representation on which the *Cumis* doctrine of section 2860 is built. The better approach is to limit the insurer to a suit for breach of the section 2860-specified duties to disclose, inform, consult or cooperate regarding information known to *Cumis* counsel.

Subdivision (a) of Civil Code section 2860 states that "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to

---

[7]Civil Code section 2860 uses the term "independent counsel." To maintain consistency in this opinion, we use the synonymous term "*Cumis* counsel."

provide independent counsel to the insured, the insurer shall provide *independent counsel to represent the insured. . . ."* (Italics added.) Similarly, subdivision (f) of section 2860 (all further references to undesignated subdivisions are to subdivisions of section 2860) provides in part that independent counsel has an "ethical and legal obligation *to the insured.*" (Italics added.)

This view is echoed in the case law. Our high court has noted that "[t]he purpose of requiring *Cumis* counsel is to protect an *insured's* interest." (*J. C. Penney Casualty Ins. Co.* v. *M. K.* (1991) 52 Cal.3d 1009, 1018 [278 Cal.Rptr. 64, 804 P.2d 689], italics in original.) Another court has noted that "[t]he *Cumis* rule requires *complete independence of counsel* when an insurance company interposes a reservation of rights, the basis of which creates a conflict of interest." (*State Farm Fire & Casualty Co.* v. *Superior Court* (1989) 216 Cal.App.3d 1222, 1226 [265 Cal.Rptr. 372], italics added.) This view has been most forcefully stated in *Seeno*: "*Cumis* counsel represent[s] solely the insured . . . ." (692 F.Supp. at p. 1157.)

The basic premise for this view is well established. Since it is almost unavoidable that, in the course of investigating and preparing the insured's defense to the third party's action, the insured's attorney will come across information relevant to a coverage or similar issue, it is quite difficult for an attorney beholden to the insurer to represent the insured where the insurer is reserving its rights regarding coverage (unless, of course, the insured consents). (*Cumis*, *supra*, 162 Cal.App.3d at pp. 364-367; *Bogard* v. *Employers Casualty Co.* (1985) 164 Cal.App.3d 602, 613 [210 Cal.Rptr. 578]; *Seeno*, *supra*, 692 F.Supp. at pp. 1154-1158.) As explained in *Seeno,* the *Cumis* doctrine "intended to eliminate the ethical dilemmas and temptations that arise along with conflict in joint representations . . . through mandating the insured's right to *Cumis* counsel that represent[s] only the insured." (692 F.Supp. at p. 1158.)

An important corollary of the *Cumis* doctrine is that if the insured is entitled to *Cumis* counsel, the insured is entitled to control the defense of the case. (*Cumis*, *supra*, 162 Cal.App.3d at pp. 369, 375; see *Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571].) It is at this juncture that ACA's reading of the *Cumis* doctrine embodied in Civil Code section 2860 falls most precipitously. ACA wants *Cumis* counsel under a duty to defend the insurer as well.

Remaining true to the aforementioned statutory language and judicial reasoning, we find that the compelling need for *Cumis* counsel to remain free from the oftentimes subtle ethical dilemmas and temptations that arise along with conflict in joint representations prohibits Haven from having any duty

*to ACA* to investigate, prepare, assert, establish, or perform similar functions regarding a defense or position in ACA's favor. Thus, ACA has no action against Haven for negligently handling the defenses involving the statute of limitations or peculiar risk.

But this is not to say that *Cumis* counsel owes *no* duties to a liability insurer. Civil Code section 2860 specifies just such duties. *Cumis* counsel must "disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes" (subd. (d)); must timely "inform and consult with the insurer on all matters relating to the action" (subd. (d)); and must "cooperate fully in the exchange of information that is consistent with . . . counsel's ethical and legal obligation to the insured" (subd. (f)).

In its complaint, ACA alleges that Haven failed to keep it properly informed of the facts, theories, status, procedural developments, and evaluations in the *Hill* v. *Bremco* action; failed to disclose to it all nonprivileged information concerning that action; and failed to timely inform and consult with it on all matters relating to that action. It can be inferred from the complaint that these failures precluded ACA from timely presenting the defenses regarding the statute of limitations and peculiar risk, and thereby caused damage to ACA.

We conclude that Haven can be held negligently liable under Civil Code section 2860 on these alleged and inferred facts to the extent these failures to disclose, inform, and consult encompassed nonprivileged information known to Haven.

The duties set forth in subdivisions (d) and (f) of Civil Code section 2860 for *Cumis* counsel parallel the long-standing duties of an insured to make a full and prompt disclosure of known, relevant information to the insurer so as not to delay or impede the insurer's claim investigation. (See *California Casualty Gen. Ins. Co.* v. *Superior Court* (1985) 173 Cal.App.3d 274, 282-283 [218 Cal.Rptr. 817] (*California Casualty*); Kornblum et al., Cal. Practice Guide: Bad Faith (The Rutter Group 1986) §§ 10:38-10:60, pp. 10-9 to 10-14; see also *D. I. Chadbourne, Inc.* v. *Superior Court* (1964) 60 Cal.2d 723 [36 Cal.Rptr. 468, 388 P.2d 700], and *Sierra Vista Hospital* v. *Superior Court* (1967) 248 Cal.App.2d 359 [56 Cal.Rptr. 387] [insured's communications to insurer subject to attorney-client privilege].) Subdivision (d) has essentially codified these propositions from *California Casualty, D. I. Chadbourne,* and *Sierra Vista.* Moreover, subdivision (f) relates to the duty to cooperate with the insurer as noted in *California Casualty.*

Since *Cumis* counsel is independent and represents only the insured, the section 2860 statutory duties that *Cumis* counsel owes the insurer to disclose,

inform, consult and cooperate, encompass only nonprivileged information (as set forth in section 2860) *known* to *Cumis* counsel. *Cumis* counsel is under no duty *to the insurer* to investigate or make determinations regarding how the case will be handled. It is the insurer's duty to make its own investigation and determinations, if needed, using, among other sources, the section 2860 information provided by *Cumis* counsel. (See Civ. Code, § 2860, subds. (d), (f); *United States Fidelity & Guaranty Co.* v. *Superior Court* (1988) 204 Cal.App.3d 1513, 1526-1527 [252 Cal.Rptr. 320] (*USF & G*).)

Language in section 2860 supports this view of *Cumis* counsel's duty to the insurer. Under subdivision (f), the insurer can provide its own counsel for the insured if it is dissatisfied with *Cumis* counsel's representation; this insurer-provided counsel is "allowed to participate in all aspects of the litigation." (Civ. Code, § 2860, subd. (f); *USF & G, supra*, 204 Cal.App.3d at pp. 1526-1527.) And under subdivision (d), the insurer can seek law and motion relief to obtain nonprivileged information from *Cumis* counsel. The court in *USF & G* briefly recognized these points when it noted that subdivisions (d) and (f) furnish nonexclusive remedies for insurers who believe *Cumis* counsel is not representing the insured in a reasonably competent fashion, and who want to obtain information about the merits of the case to advance positions it shares with the insured. (204 Cal.App.3d at pp. 1526-1527.)

A problem that can arise, as illustrated by the pleading allegations that are reasonably possible in this case, is where *Cumis* counsel's failure timely to disclose, inform, consult or cooperate places the insurer in a position where "it does not know what it does not know." In other words, *Cumis* counsel keeps the insurer "in the dark" by failing to comply with the Civil Code section 2860 duties until it is too late to remedy the situation, and the insurer is damaged thereby. Under these circumstances, the insurer may have a lawsuit against *Cumis* counsel for breach of the statutory duties specified in section 2860.

An insurer's cause of action against *Cumis* counsel for violating the section 2860-specified duties finds support not only in the factual dilemma of an insurer unaware of what it does not know, but also in the legal mandates of section 2860 itself. There is the explicit, mandatory way in which the section 2860 *Cumis* counsel duties are phrased. (Civ. Code, § 2860, subds. (d), (f).) There is also the right accorded the *insurer*, in subdivision (c), to require that counsel selected by the insured have "(1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) *errors and omissions coverage*." (Italics added.)

The right accorded the insurer in Civil Code section 2860, subdivision (c)(1) helps ensure that *Cumis* counsel is competent, experienced and provides a meaningful defense. (See Mower & Schratz, *The Other Side of the*

*Cumis Coin: The Insurer's Ability to Select Associate Defense Counsel Under Civil Code Section 2860(f)* (1993) 20 Western St.U. L.Rev. 569, 572-574; Mallen & Smith, Legal Malpractice (3d ed. 1989) § 23.16, pp. 418-419; see also *Center Foundation* v. *Chicago Ins. Co.* (1991) 227 Cal.App.3d 547, 557-560 [278 Cal.Rptr. 13].) But the reason for subdivision (c)(2) is less clear. (See *ibid.*) Why does the *insurer* get to insist that *Cumis* counsel have "errors and omissions" coverage? Although in the usual insurance defense setting, the insurer has a duty to *hire competent* defense counsel, the insurer is ordinarily not liable for the negligence of that counsel, who is considered an independent contractor. (See *Travelers Ins. Co.* v. *Lesher, supra,* 187 Cal.App.3d at p. 191; *Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 880-882 [110 Cal.Rptr. 511].) Under the *Cumis* doctrine, the insurer's accountability in this regard may be even narrower because the insured is entitled to choose its own independent counsel. Nevertheless, the *insurer,* under subdivision (c), gets to insist that *Cumis* counsel have "errors and omissions" coverage. And this insistence appears in a subdivision next to the subdivision specifying the principal duties that *Cumis* counsel owes to the insurer. This language and juxtaposition support the conclusion that an insurer can sue *Cumis* counsel for negligently breaching those statutory duties.

ACA makes this point and argues from it that Civil Code section 2860, subdivision (c)(2) provides the basis for an insurer to sue *Cumis* counsel for negligence in failing to *pursue* or *establish* a complete defense. For two reasons, we think ACA has carried the point too far at this point.

First, the duties specified in Civil Code section 2860 that *Cumis* counsel owes the insurer are limited to the duties to disclose, inform, consult and cooperate regarding nonprivileged information. There is nothing explicit in section 2860 about *Cumis* counsel *defending* on behalf of the insurer.

Second, *Cumis* counsel *represents the insured independently* of the insurer. (See Civ. Code, § 2860, subds. (a), (f); *Seeno, supra,* 692 F.Supp. at pp. 1154-1158.) The need for *Cumis* counsel arises only when there is a *conflict or potential conflict* of interest between the insured and the insurer. (Civ. Code, § 2860, subd. (a); *Cumis, supra,* 162 Cal.App.3d at p. 371, fn. 7.) Ethical dilemmas and temptations preclude joint representation at this juncture (unless the insured waives its right to independent counsel). (Civ. Code, § 2860, subds. (a), (e); *Seeno, supra,* at pp. 1157-1158; *J. C. Penney Casualty Ins. Co.* v. *M. K., supra,* 52 Cal.3d at p. 1018; *State Farm Fire & Casualty Co.* v. *Superior Court, supra,* 216 Cal.App.3d at p. 1226; *Bogard* v. *Employers Casualty Co., supra,* 164 Cal.App.3d at p. 613.) For these reasons, there is no attorney-client relationship between *Cumis* counsel and the insurer. (*Seeno, supra,* 692 F.Supp. at p. 1158.) To allow an insurer to sue a *Cumis*

counsel for negligence for failing to *pursue* or *establish* a complete defense would undermine the very foundation of the *Cumis* doctrine, which contemplates a counsel independent of the insurer.

ACA points out that an attorney-client relationship is not a prerequisite to sue for legal malpractice. That is true, as this case aptly illustrates. ACA notes that attorneys acting for their clients in transactions can be held liable to nonclients with interests in those transactions if harm to the nonclient from negligence is reasonably foreseeable. (See, e.g., *Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 588 [15 Cal.Rptr. 821, 364 P.2d 685] [beneficiaries under a will can sue testator's attorney for negligence in drafting will]; *Heyer* v. *Flaig* (1969) 70 Cal.2d 223, 229 [74 Cal.Rptr. 225, 449 P.2d 161] [same]; *Donald* v. *Garry* (1971) 19 Cal.App.3d 769, 771-772 [97 Cal.Rptr. 191, 45 A.L.R.3d 1177] [attorney retained by collection agency owed duty to creditor who had submitted debt to agency for collection]; *Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 111 [128 Cal.Rptr. 901] [attorney owed duty to prospective lender when attorney drafted opinion letter for client knowing that client intended to show letter to lender to influence lender's conduct].) ACA likens its position to that of these nonclients.[8]

In the cases finding duties owed to nonclients, the nonclients were the intended beneficiaries of the attorney's work or were relying on that work or were to be influenced by it (and the attorney knew or should have known this). (See *Fox* v. *Pollack* (1986) 181 Cal.App.3d 954, 961 [226 Cal.Rptr. 532].) As distinctly noted in *Fox*, however, "an attorney has no duty of care to protect the interests of an adverse party." (*Ibid.*) This distinction was further refined in *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335 [134 Cal.Rptr. 375, 556 P.2d 737], where the court found that an attorney owed no duty to nonclient stock purchasers because his advice was only for the stock seller and the two sides were dealing at arm's length. (*Id.* at pp. 339, 342-344.)

In contrast to the cases finding duty in the nonclient situation, *Cumis* counsel, by statute and by case law, is present in the litigation *only* because

---

[8]At oral argument, ACA relied heavily on the decision in *Roberts*. However, as noted, the attorney in *Roberts* knew that he was drafting an opinion letter for his client for the purpose of inducing a lender to make a loan to the client based on what the letter said. (57 Cal.App.3d at pp. 107, 111.) In this context, the *Roberts* court held the lender could sue the attorney for negligence regarding the letter. (*Ibid.*) The *Cumis* scheme, by contrast, envisions an attorney pursuing an insured's defense independently of the insurer rather than intertwined with it. Subdivision (f) recognizes this point by allowing the insurer to provide its own counsel for the insured; this counsel can pursue the matters of common interest between the insurer and the insured if *Cumis* counsel is not adequately doing so.

there is a conflict or potential conflict of interest between the *Cumis* counsel's client (the insured) and the nonclient (the insurer). *Cumis* counsel is present, in other words, because *independence* from the nonclient (i.e., from the insurer) is needed. In determining whether an attorney can be held negligently liable to a person other than the attorney's client, "the adverseness [between the person and the client] is the key variable in [the] decision about whether a cause of action should be allowed." (Annot., What Constitutes Negligence Sufficient to Render Attorney Liable to Person Other Than Immediate Client (1988) 61 A.L.R.4th 464, 474; see also Annot., Attorney's Liability, To One Other Than Immediate Client, For Negligence in Connection With Legal Duties (1988) 61 A.L.R.4th 615.) By definition, there is an element of adverseness between the *Cumis* counsel's client (the insured) and the nonclient (the insurer). These factors weigh heavily against holding *Cumis* counsel negligently liable to an insurer for failing to investigate, prepare, assert, establish or perform similar functions regarding a defense or position in the insurer's favor.

So too does California's strongly held view of the lawyer's duty of "undivided loyalty" to his or her client. (See *Fox* v. *Pollack, supra,* 181 Cal.App.3d at pp. 961-962; *Goodman* v. *Kennedy, supra,* 18 Cal.3d at p. 344; *Rowell* v. *TransPacific Life Ins. Co.* (1979) 94 Cal.App.3d 818, 821 [156 Cal.Rptr. 679], and *Gibson, Dunn & Crutcher* v. *Superior Court* (1979) 94 Cal.App.3d 347, 356 [156 Cal.Rptr. 326], and *Held* v. *Arant* (1977) 67 Cal.App.3d 748, 752 [134 Cal.Rptr. 422] [lawyer I who is sued by former client for negligence may not seek indemnity against lawyer II who was retained to extricate client from lawyer I's alleged negligence]; see also *Soliz* v. *Spielman* (1974) 44 Cal.App.3d 70 [118 Cal.Rptr. 127] [attorneys representing injured worker who received workers compensation benefits file suit against third party beyond statute of limitations; no duty to employer or workers' compensation carrier found]; see also *Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931, 942 [175 Cal.Rptr. 81].)

 For these reasons, the cause of action, if any, that ACA has against Haven is a cause of action for *negligent breach of statutory duty* under Civil Code section 2860. This cause of action is limited to Haven's alleged failures to provide known information, as mandated by subdivisions (d) and (f) of that section, where those failures precluded ACA, as alleged here, from timely asserting a complete defense to an entire action or to a cause of action that was brought against its insured.[9] ACA has no cause of action against Haven for negligence for failing to investigate, prepare, assert, establish or perform similar functions regarding a defense or position in ACA's favor.

---

[9] See footnote 2, *ante.*

The judgment is reversed. Each side will pay its own costs.

Sparks, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 25, 1995.