NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., | No.   20-56055 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:18-cv-00925-JLS-MSB |
| v. | MEMORANDUM* |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, FKA Darwin Select Insurance Company, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted October 18, 2021
San Francisco, California

Before:  WALLACE, GOULD, and BEA, Circuit Judges.

American Claims Management, Inc. (ACM) appeals from the district court's

summary judgment in favor of Allied World Surplus Lines Insurance Co. (Allied

World).  Because the facts are known to the parties, we repeat them only as necessary

---

  *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to explain our decision. We review de novo a district court's summary judgment. *Baker v. Liberty Mut. Ins. Co.*, 143 F.3d 1260, 1263 (9th Cir. 1998). We review de novo a district court's interpretation of contract provisions, *Flores v. Lynch*, 828 F.3d 898, 905 (9th Cir. 2016), and determination of state law, *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 983 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. The district court correctly concluded that the Claims Services Exclusion precluded the claimed coverage under the insurance policy issued by Allied World (the Policy). The Claims Services Exclusion provides, in relevant part, that "no coverage will be available" under the Policy for any claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged . . . lack of good faith or fair dealing in the handling of any claim or obligation arising under an insurance contract or policy . . . ." The Claims Services Exclusion further states that its applicability "may be determined by an admission, final adjudication or a finding in the proceeding constituting the Claim or in a proceeding separate from or collateral to the Claim."

Although there are neither "admissions" nor "final adjudications" of bad faith in the record, the discovery order issued in *Cardona v. QBE Insurance Corp.*, No. MC025599 (Cal. Super. Ct. Feb. 4, 2016) (the Discovery Order), constitutes a "finding" of an allegation of bad faith against ACM. In the Discovery Order, the

2

Los Angeles County Superior Court found, from the pleadings, that "there is a colorable claim that Cortes could pursue a bad faith claim against QBE to indemnify him and hold him harmless from any verdict obtained against him, and for other damages, with a potential dollar value in the millions of dollars"—in other words, a bad faith claim based on ACM's handling of the underlying claim as QBE's claims handler. The court further found that "Cortes . . . had a claim for bad faith refusal to settle against QBE in an amount in excess of the multi-million dollar claim made against him." Thus, the court's finding that there was a valid allegation of bad faith against QBE, through ACM's actions as QBE's claims handler, was sufficient to trigger the Claims Services Exclusion.

We therefore affirm the district court's holding that the Claims Services Exclusion barred the claimed coverage. Accordingly, Allied World is entitled to reimbursement in the amount of $4,390,341 that Allied World paid ACM under a reservation of rights towards covering ACM's adverse arbitration judgment against QBE.

2. The district court erred in holding that the Dishonest Act Exclusion precluded the claimed coverage under the Policy. In contrast to the Claims Services Exclusion, which can be satisfied by a mere allegation, the Dishonest Act Exclusion by its plain terms applies if there was "an admission, final adjudication or a finding" that ACM "in fact engaged" in "any dishonest or fraudulent act or omission" in the

3

handling of the underlying claim. There is no such evidence in the record, and the district court erred in reading the final arbitration award as having made a finding of a "dishonest or fraudulent act or omission" sufficient to trigger the Dishonest Act Exclusion.

We therefore reverse the district court's holding that the Dishonest Act Exclusion barred the claimed coverage. Accordingly, Allied World is not entitled to reimbursement for the $605,569 provided in the form of defense expenses.

3. Finally, the district court properly held that Allied World did not breach its duty to defend ACM against QBE. The district court correctly concluded that Allied World had satisfied its duty to hire competent counsel. "[T]he insurer has a duty to *hire competent* defense counsel . . . ." *Assurance Co. of Am. v. Haven*, 38 Cal. Rptr. 2d 25, 33 (Cal. Ct. App. 1995) (emphasis in original). Allied World satisfied this duty because attorney Alan Jampol possessed the adequate competency to defend ACM given his relevant experience in defending bad faith insurance claims and specialization in legal malpractice law and insurance-related matters. In determining whether Jampol was competent counsel at the time of his hiring by Allied World, we do not look to Jampol's subsequent representation. *See Merritt v. Reserve Ins. Co*, 110 Cal. Rptr. 511, 527 (Cal. Ct. App. 1973) ("Having chosen competent independent counsel to represent the insured in litigation, . . . the carrier does not become liable for trial counsel's legal malpractice. If trial counsel negligently

conducts the litigation, the remedy for this negligence is found in an action against counsel for malpractice and not in a suit against counsel's employer to impose vicarious liability."). The district court also correctly concluded that ACM failed to present sufficient evidence to raise a genuine issue of material fact as to whether Allied World controlled Jampol during the representation. Even in the light most favorable to ACM, the record does not support a genuine issue of material fact that Jampol was "subject to the control and direction of [Allied World] over the details and manner of [his] performance." *Id.* at 526.

We therefore affirm the district court's holding that Allied World did not breach its duty to defend ACM.

ACM's motion to vacate the district court's summary judgment and discovery orders pursuant to 28 U.S.C. § 455 is denied.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**