[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO IMPLEAD (#127)
The underlying case involves a claim by the law firm of Berman Sable seeking additional fees from their former client, the defendant National Loan Investors, L.P. (NLI). Berman Sable represented NLI in a foreclosure action against Suffield Development Association (Suffield). The litigation was resolved by a stipulated judgment providing that Suffield would make payments to NLI from proceeds of the claim that Suffield had against Society for Savings (BankBoston).
A dispute subsequently arose about payments due NLI under the stipulated judgment, at which point Berman Sable initiated litigation to collect on the stipulated judgment. Suffield counterclaimed and filed a declaratory judgment action as to the application of the stipulated judgment. The trial court in the declaratory judgment action decided that NLI's recovery was limited to $200,000. NLI then dismissed Berman Sable as its legal counsel and retained Andrews, Cosgrove, Young Geraghty, P.C., which law firm represented NLI on the appeal and cross-appeal of the declaratory judgment decision. The Connecticut Appellate Court affirmed the trial court decision[1] in the declaratory judgment action. Suffield Development Associates LTD Partnership v. National LoanInvestors, L.P., 60 Conn. App. 842 (2000). In its cross-appeal, NLI asserted that it was entitled to sums in addition to the $200,000, in a total amount of approximately $345,000. The appellate court declined to review certain NLI claims on appeal because of the inadequacy of the record.
In response to the lawsuit before this court in which Berman Sable claims additional legal fees, NLI filed counterclaims alleging that the CT Page 900 plaintiff law firm was negligent and breached its contract with NLI by drafting the stipulated judgment that resulted in additional litigation and a reduced payment to NLI.
Berman Sable now moves to implead the successor law firm of Andrews, Cosgrove, Young Geraghty, P.C. (ACYG) and Attorney Geraghty personally. The basis for the motion is to obtain judgment against their successor law firm and Geraghty, personally, for NLI's losses asserted in the counterclaim.
Practice Book § 10-11(d) provides that when a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought into the case under the rules that would apply to a defendant seeking to implead a third party. The standard is set forth in Practice Book § 10-11(a):
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claim against him or her. Such a motion may be filed at any time before trial and such permission may be granted by the judicial authority if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded.
Granting the motion in this case would work an injustice upon ACYG and Geraghty, for the following reasons.
The scenario discussed above is not one in which ACYG could be found liable to Berman Sable for the claims of NLI. Berman Sable's assertions against its successor counsel seem more concerned with making them a part of a causation huddle and their participation a complete defense rather than one for indemnification. It would be unlikely for successor counsel to be held liable in any way to predecessor counsel, as opposed to being held liable to NLI. See Krawczyk v. Stingle, 208 Conn. 239,244 (1988).
Public policy arguments also suggest that it is unwise for an attorney being sued for legal malpractice by a former client to be allowed to bring a claim for contribution or indemnity against the successor attorney. See Whitaker v. Erdos Maddox, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 371896 (Nov. 14, 2000,Skolnick, J.), citing Austin v. Superior Court, 72 Cal.App.4th 1126, CT Page 90185 Cal.Rptr.2d 644 (1999); and Holland v. Thatcher, 199 Cal.App.3d 924,245 Cal.Rptr. 247 (1988). See also Krawczyk v. Stingle, supra,208 Conn. 245 (determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy). There is a division of authority on this public policy issue. California, the District of Columbia, Minnesota, New Jersey, Pennsylvania and Utah would not allow such actions, while Illinois, Massachusetts, New York, Washington and Wisconsin would appear to allow such litigation. SeeParler Wobber v. Miles Stockbridge, P.C., 359 Md. 671, 693-94,756 A.2d 526, 538 (2000).
The motion to implead is denied.
ROBERT F. McWEENY, J.